BRANTLEY, J„
for the Court.
¶ 1. Travis Keith Tidwell (Tidwell) was found guilty of unlawfully taking a motor vehicle by the Circuit Court of the Second Judicial District of Panola County. On appeal Tidwell argues that the trial judge erred in allowing testimony about his past alcohol and drug use. The State counters this argument and asserts that the testimony was necessary in order for the jury to understand the situation fully. Finding no error, we affirm.
FACTS
¶ 2. In April 2000, Tidwell,- age thirty-one, was living at the home of his father and stepmother, Phil and Ann Tidwell, in Batesville, Mississippi. On April 27, 2000, Phil and Ann Tidwell were away from their home. That night, Tidwell drove his father’s vehicle from Batesville, Mississippi to Crowder, Mississippi with the intention of going to a bar. Tidwell claims he was unable to find the bar and stopped at a store in Crowder to call his grandfather for directions. He testified that he was assaulted while stopped at the store and that the vehicle was stolen from him. He called the Crowder police from a pay phone and was taken to the hospital. The police subsequently recovered the vehicle from an apartment parking lot. Tidwell was later indicted for unlawfully taking the vehicle.
¶ 3. The vehicle involved in this ease belonged to Tidwell’s father and stepmother. Both testified that Tidwell was living with them at the time he took the vehicle and that he did not have their permission to drive -the vehicle. Tidwell, however, claims he had permission to drive the vehicle.
¶ 4. His father testified at trial that Tid-well had a history of alcohol and drug abuse and that he had once before stolen and wrecked a family vehicle. Due to this history, Phil and Ann Tidwell had forbidden Tidwell to drive their vehicle. Tidwell objected to this testimony, arguing that it was improper. The trial judge allowed the testimony, agreeing with the State’s argument that the information was necessary in order for the jury to understand fully why Tidwell did not have permission to drive their vehicle.
¶ 5. The jury found Tidwell guilty of unlawfully taking a motor vehicle. From this conviction, Tidwell appeals, arguing that the trial judge erred in allowing the testimony concerning his history of drug and alcohol abuse.
ANALYSIS OF THE ISSUE PRESENTED
STANDARD OF REVIEW
¶ 6. Tidwell made the following assignment of error:
WHETHER THE CIRCUIT COURT ERRED IN ALLOWING THE TESTIMONY CONCERNING TIDWELL’S HISTORY OF DRUG AND ALCOHOL ABUSE.
¶ 7. The relevancy and admissibility of evidence are within the discretion of the trial judge and will not be reversed *1148 unless that discretion has been abused. Smith v. State, 656 So.2d 95, 98 (Miss.1995). However, this discretion must be exercised within the confines of the Mississippi Rules of Evidence. Id. Under these rules, an “[e]rror may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected.” M.R.E. 103(a). Unless the trial court has so abused this discretion as to prejudice the defendant’s case, we will not reverse the ruling of the trial court. McGowan v. State, 706 So.2d 231, 243 (¶ 48) (Miss.1997).
DISCUSSION OF THE ISSUE
¶ 8. Initially, we point out that the defense failed to preserve the objection on appeal properly. At trial, the defense objected only as to whether the line of questioning was proper, not inadmissibility of prior bad acts or more specifically Mississippi Rule of Evidence 404(b). No specific objection to prior bad acts was stated on the record by the defense. In order to preserve an issue for appeal, the issue on appeal must be on the same grounds raised at trial. Russell v. State, 607 So.2d 1107, 1117 (Miss.1992). In addition, the grounds for objection can not be expanded upon on appeal. Gray v. State, 728 So.2d 36, 60 (¶ 110) (Miss.1998). By failing to object on the grounds of prior bad acts, this issue is waived on appeal. Walker v. State, 671 So.2d 581, 605-06 (Miss.1995). Finding this issue waived and without addressing the merits of this assignment of error, we affirm the trial court’s judgment.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF PANOLA COUNTY OF CONVICTION OF TAKING AWAY A MOTOR VEHICLE WITHOUT AUTHORITY OF LAW AND SENTENCE OF FIVE YEARS WITH THREE YEARS SUSPENDED ON SUPERVISED PROBATION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.