LEE, P.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. A jury in the Harrison County Circuit Court found Gary Allen Glidden guilty of possession of a controlled ■ substance. Glidden was sentenced as a habitual offender to serve four years in the custody of the Mississippi Department of Corrections. Glidden subsequently filed post-trial motions, which the trial court denied. Glidden now appeals, asserting the following issues: (1) the evidence was insufficient to support the verdict; (2) the trial court erred in failing to grant a circumstantial-evidence instruction; and (3) the trial court erred in excluding evidence of a pending drug indictment against the owner of the truck. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On September 18, 2006, at approximately 5:00 p.m., Sergeant Greg Goodman and Detective Steve Compston, both of the Gulfport Police Department, were conducting traffic stops in Gulfport, Mississippi. Sergeant Goodman noticed a truck turning without using a turn signal. Detective Compston pulled the truck over to the side of the road. As the policemen exited their car, the driver of the truck exited the truck and walked to the rear of the truck. Sergeant Goodman walked to the passenger-side door and peered in the window to check for any other occupant. Sergeant Goodman immediately saw a large plastic bag on the driver’s side floorboard containing what Sergeant Goodman believed was marijuana. Sergeant Goodman testified that approximately an inch of the bag was under the driver’s seat, but the bag was in plain view. Detective Compston arrested the driver of the truck. Neither Sergeant Goodman nor Detective Compston moved or touched the plastic bag until after it was photographed. The bag was tested at the local crime laboratory. The bag contained 450 grams of marijuana.
 

 ¶ 3. The driver was identified as Glidden. The truck, however, was registered in the name Joseph Buckner. Glidden testified that he had borrowed Buckner’s truck for
 
 *355
 
 approximately thirty minutes and did not notice the large plastic bag of marijuana on the driver’s side floorboard.
 

 DISCUSSION
 

 I. INSUFFICIENT EVIDENCE
 

 ¶ 4. In his first issue on appeal, Glidden argues that the evidence was legally insufficient to support the verdict. Our standard of review in regard to challenges to the sufficiency of the evidence is well settled. “[T]he critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]’ ”
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction.
 
 Id.
 
 If we find that reasonable, fair-minded jurors could have concluded that the defendant was guilty of the accused crime, the evidence will be deemed sufficient.
 
 Id.
 

 ¶ 5. The State was required to prove beyond a reasonable doubt that Glidden feloniously possessed the marijuana. The State was operating under the theory that Glidden had constructive possession of the marijuana. For that, “there must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.”
 
 Curry v. State,
 
 249 So.2d 414, 416 (Miss.1971). “Constructive possession may be shown by establishing that the drugs involved [were] subject to his dominion or control.”
 
 Id.
 
 “Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.”
 
 Gavin v. State,
 
 785 So.2d 1088, 1093 (¶ 16) (Miss.Ct.App.2001). In
 
 Gavin,
 
 we stated the following:
 

 Being in a closed area such as a vehicle or a room with contraband does not by itself permit the inference of dominion and control. If the accused is the owner of the premises, or if he is the exclusive user for some extended period of time, or if there are additional incriminating circumstances, then the inferences might be permissible.
 

 Id.
 
 at 1094 (¶ 21). The evidence did show that Glidden was not the owner of the truck. However, Glidden had been driving the truck for approximately thirty minutes with a large bag of marijuana directly under his feet. According to the testimony of both Detective Compston and Sergeant Goodman, the clear plastic bag was on the driver’s side floorboard and was immediately visible through the truck window. Glidden admitted that the truck was small and that a bag that large would have been easily seen by him. From the evidence presented, reasonable jurors could have concluded that Glidden was guilty of possession of a controlled substance. This issue lacks merit.
 

 II. CIRCUMSTANTIAL-EVIDENCE INSTRUCTION
 

 ¶ 6. In his second issue on appeal, Glidden argues that the trial court erred in refusing to grant two circumstantial-evidence jury instructions. In his brief, Glidden concedes that not all constructive-possession cases require circumstantial-evidence instructions. However, Glidden argues that this was a wholly circumstantial-evidence case.
 

 ¶ 7. A circumstantial-evidence instruction is not required unless the State’s case is wholly circumstantial.
 
 Arguelles v. State,
 
 867 So.2d 1036, 1042 (¶ 22) (Miss.Ct.
 
 *356
 
 App.2003). “The existence of any direct evidence eliminates the need for a circumstantial evidence instruction.”
 
 Sullivan v. State,
 
 749 So.2d 983, 992 (¶21) (Miss.1999). The testimonies of both Sergeant Goodman and Detective Compston that they observed the bag of marijuana on the driver’s side floorboard of the truck, which was driven and solely occupied by Glidden at the time of the traffic stop, constituted direct evidence.
 
 See Boches v. State,
 
 506 So.2d 254, 260 (Miss.1987). This issue is without merit.
 

 III. EVIDENCE CONCERNING OWNER OF TRUCK
 

 ¶ 8. In his final issue on appeal, Glidden argues that the trial court erred in excluding evidence of a pending drug indictment against Buckner, the owner of the truck in question. Glidden’s theory was that Buckner was a known drug dealer, so the marijuana must have belonged to Buckner. Glidden sought to introduce evidence of pending indictments charging Buckner with a drug offense. Glidden noted that the reason he wanted to introduce the indictments was the list of prior drug crimes indicating Buckner’s habitual-offender status. The trial court agreed that Glidden’s counsel could cross-examine the police officers as to whether they knew Buckner had prior drug convictions, but it would not allow Glidden to introduce the pending indictments into evidence. Buckner’s prior drug convictions ranged from 1979 to 1984.
 

 ¶ 9. During cross-examination, both Sergeant Goodman and Detective Compston denied having heard of Buckner. Glidden called Paula Olson to the stand to testify regarding Buckner’s prior convictions. Olson was employed by the Harrison County Circuit Court to maintain public court records. Olson identified certified sentencing orders concerning Buckner’s nine prior convictions for sale of a controlled substance. These orders were admitted into evidence. On cross-examination, Olson stated that these nine convictions were old, and she had no knowledge of whether the Buckner named in the orders was the same Buckner who owned the truck in question. After Olson’s testimony, Glid-den attempted to have the two pending indictments introduced into evidence, claiming that the State had opened the door. Finding that Olson had not been asked whether there were more recent charges and that the pending indictments were not convictions, the trial court refused Glidden’s request. The standard of review regarding the admission or exclusion of evidence is abuse of discretion.
 
 Tate v. State,
 
 912 So.2d 919, 924 (¶ 9) (Miss.2005). We cannot find that the trial court abused its discretion in refusing to admit two pending indictments against Buckner into evidence. This issue is without merit.
 

 ¶10. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.