# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00703-COA

**JOHN H. MAGEE A/K/A JOHN HENRY MAGEE
A/K/A JOHN MAGEE**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/12/2017 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/29/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., FAIR AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    A Harrison County jury convicted John Magee of the illegal transfer of a controlled substance in violation of Mississippi Code Annotated section 41-29-139(a)(1) (Supp. 2017), enhanced per section 41-29-147 (Rev. 2013), and as a habitual offender under section 99-19-81 (Rev. 2015). Magee appeals, asserting that the trial court erred by admitting evidence that $21,000 cash was in the trunk of his car, found pursuant to a search warrant. Finding no error, we affirm.

## BACKGROUND

¶2.     In 2015, two Gulfport Police Department narcotics detectives developed information that led them to believe that Magee was selling narcotics. On May 4, 2015, the detectives conducted a controlled purchase, in which Detective Larry McCook posed as an undercover buyer and presented himself to Magee in the parking lot of a retail store. Equipped with a concealed video camera and live audio transmitter, Detective McCook entered Magee's car and purchased four pills from Magee for $150. Testing later revealed three of the pills were oxymorphone and one was hydromorphone.

¶3.     On May 20, 2015, law enforcement arrested Magee at his home, and pursuant to a search warrant, searched Magee's car. Over 100 dosage units[1] of Schedule II narcotics and approximately $21,000 cash were found in the car. On November 9, 2015, a Harrison County grand jury indicted Magee on four counts: two counts of transferring a controlled substance, one count of trafficking a controlled substance, and one count of possession of a controlled substance with the intent to transfer or distribute. Magee moved to sever the counts, and the State agreed, electing to try count one, transfer of a controlled substance in violation of section 41-29-139(a)(1), with an enhanced penalty per section 41-29-147, and as a habitual offender under section 99-19-81.

¶4.     In relation to the remaining charges, Magee filed a motion in limine requesting that the trial court exclude any evidence of other alleged drug sales as being more prejudicial than probative. The trial judge granted the motion. During trial, the State requested that Detective McCook be allowed to testify about Magee's arrest and the search of Magee's vehicle. As

---

[1] The record does not state the type of drug found in Magee's car.

part of its request, the State sought to introduce testimony concerning the $21,000 cash found in Magee's car. The State contended that this testimony was necessary to tell the "complete story" of the crime because it was unusual for a person to have so much cash in his car. Magee's counsel argued that the specific dollar amount would be overly prejudicial. The trial judge ultimately allowed the testimony.

¶5.     Velveda Harried, a forensic scientist, confirmed that the pills Detective McCook purchased were oxymorphone and hydromorphone, both Schedule II controlled substances. A video and audio recording of the transfer was played for the jury, and a still photograph of Magee's face, captured during the transfer, was entered into evidence.

¶6.     Following trial, the jury found Magee guilty. On April 12, 2017, Magee was sentenced as a habitual offender to sixteen years in the custody of the Mississippi Department of Corrections. Magee timely appealed.

## DISCUSSION

¶7.     Magee argues Detective McCook's testimony specifying the amount of cash found in Magee's trunk was inadmissible under Mississippi Rule of Evidence 404(b)(1)[2] and more prejudicial than probative.

¶8.     We note that, although Magee argues on appeal that Detective McCook's testimony was inadmissible under Rule 404(b), Magee did not assert a specific objection under Rule 404(b) during trial. Magee has therefore waived that issue for review. *See Tidwell v. State*,

---

[2] Under Mississippi Rule of Evidence 404(b)(1), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

3

806 So. 2d 1146, 1148 (¶8) (Miss. Ct. App. 2002). We thus turn to Magee's remaining argument: whether the admission of Detective McCook's testimony concerning the amount of cash found in Magee's trunk was more prejudicial than probative under Mississippi Rule of Evidence 403.[3]

¶9.     "The admissibility of evidence rests within the discretion of the trial court, . . . and reversal is appropriate only when an abuse of discretion resulting in prejudice to the accused occurs." *Irby v. State*, 893 So. 2d 1042, 1047 (¶20) (Miss. 2004) (citing *Sturdivant v. State*, 745 So. 2d 240, 243 (¶10) (Miss. 1999)). Further, "[u]nder Rule 403, the exclusion of prejudicial evidence is permissive; that is, if a trial court determines that the prejudicial effect of evidence substantially outweighs its probative value, it is not obligated to exclude the evidence, but may do so at its discretion." *Ross v. State*, 954 So. 2d 968, 993 (¶44) (Miss. 2007).

¶10.    We agree with the trial court that the admission of Detective McCook's testimony concerning the amount of cash found in Magee's car was not unduly prejudicial but probative. In considering whether to admit the testimony, the court heard arguments from both the defense and the State. Magee argued that the admission of the specific amount of cash found in his trunk was more prejudicial than probative because it implied that he was involved in other illegal drug transfers. The State contended the admission of the testimony was necessary to tell the complete story of the crime: the car was searched at the time of

---

[3] Rule 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Magee's arrest at his home; the cash was found in the same vehicle Magee used to conduct the drug transaction; and the unusually large amount of cash, which was found in close proximity to the narcotics, was unexplained. *See Jordan v. State*, 158 So. 3d 348, 351 (¶10) (Miss. Ct. App. 2014). Although the testimony concerning the cash was prejudicial, the trial judge was within his discretion to admit it, and the admission of the testimony did not unduly prejudice Magee to the extent requiring reversal. Further, even if the admission of the specific amount of cash had been error, such error was harmless because the overwhelming "weight of the evidence against [Magee was] sufficient to outweigh the harm done by allowing admission of the evidence." *Webb v. State*, 113 So. 3d 592, 601 (¶30) (Miss. Ct. App. 2012). Magee's conviction and sentence are affirmed.

¶11.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR.**