ORFINGER, J.
Shakil and Dina Khan appeal a final summary judgment of foreclosure entered in favor of Bank of America, N.A. We reverse.
*928 In its amended complaint to foreclose a mortgage on the Khans’ home, Bank of America alleged that it was the owner and holder of the note and mortgage. However, the copy of the note attached to the amended complaint bears an endorsement from Bank of America to Wells Fargo Bank, N.A. as trustee for the holders of Banc of America Mortgage Securities, Inc. Mortgage Pass-Through Certificates, Series 2006-B. The Khans correctly raised the issue of Bank of America’s standing to prosecute the foreclosure based on the assignment of the note to Wells Fargo Bank.
The proper party with standing to foreclose a note and mortgage is the holder of the note and mortgage or the holder’s representative. See Taylor v. Deutsche Bank Nat. Trust. Co., 44 So.3d 618, 622 (Fla. 5th DCA 2010); BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010). While Bank of America alleged in its unverified complaint that it was the holder of the note and mortgage, the copy of the note attached to the amended complaint contradicts that allegation. When exhibits are attached to a complaint, the contents of the exhibits control over the allegations of the complaint. See Hunt Ridge at Tall Pines, Inc. v. Hall, 766 So.2d 399, 401 (Fla. 2d DCA 2000). Because the exhibit to Bank of America’s amended complaint conflicts with its allegations concerning standing, Bank of America did not establish that it had standing to foreclose the mortgage as a matter of law. As a result, the trial court acted prematurely in entering the final summary judgment of foreclosure in favor of Bank of America. We, therefore, reverse the final summary judgment of foreclosure and remand for further proceedings.
REVERSED and REMANDED for further proceedings.
PALMER and EVANDER, JJ., concur.