NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| SUSAN M. MAY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D13-1786 |
| | ) | |
| PHH MORTGAGE CORPORATION, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed September 3, 2014.

Appeal from the Circuit Court for Pinellas
County; Jack St. Arnold, Judge.

Peter Ticktin, Josh Bleil, Kendrick Almaguer
and Satyen Gandhi of The Ticktin Law
Group, P.A., Deerfield Beach, for Appellant.

Elizabeth T. Frau and Rhonda K. Lewis of
Ronald R. Wolfe and Associates, P.L., and
Roberta Kohn of Roberta Kohn, P.A.,
Tampa, for Appellee.


SLEET, Judge.

Susan M. May appeals a final judgment of foreclosure entered in favor of

PHH Mortgage Corporation (the bank) following a nonjury trial.  May argues that the

bank failed to demonstrate that it possessed the note at the time it filed the complaint.

We agree. Because we hold that the bank lacked standing, we decline to address the remaining issue in this appeal.

On April 11, 2008, the bank filed a two count complaint against May for foreclosure and an action to recover or reestablish a lost note. Attached to the complaint was a copy of the note and mortgage. The note and mortgage had the name of the first mortgagor, Bank Atlantic, on the documents and did not contain an endorsement in blank or any indicia of legal transfer to the bank. May filed an answer and defenses which alleged that the bank did not own or possess the note. On December 8, 2008, the bank filed a copy of the original note and mortgage which contained two endorsements. One was an undated endorsement to the bank and the other was an undated, blank endorsement.

During trial, the bank submitted the second copy of the note into evidence. Its only witness, a senior litigation specialist, confirmed that the note was signed by May with the original lender and that there was a blank endorsement on the note. The bank also introduced into evidence the original mortgage, the payment history of the loan, and a copy of the default notice letter. The witness did not testify that the bank owned or possessed the note at the time the complaint was filed or that the bank serviced the mortgage.

At the end of the bank's case, counsel for May moved for an involuntary dismissal and argued that the bank failed to prove that it had standing at the inception of the lawsuit. May argued that the first copy of the note and mortgage attached to the complaint in April 2008 and the second copy of the note, which had a blank endorsement and was filed over seven months after the complaint, failed to prove that

the bank had standing at the suit's inception. She asserted that the bank had rested and could no longer introduce evidence of when the bank came into possession of the note and mortgage. The bank responded that it could present evidence that it was in possession of the note before filing the lawsuit but did not request to reopen its case. The trial court denied May's motion and entered a final judgment of foreclosure.

Florida Rule of Civil Procedure 1.420(b) provides that "[a]fter a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief." When confronted with a motion for involuntary dismissal, the trial court must determine whether or not the plaintiff has made a prima facie case. Capital Media, Inc. v. Haase, 639 So. 2d 632, 633 (Fla. 2d DCA 1994). May's motion for involuntary dismissal could only have been denied if the court found that the bank presented competent substantial evidence to establish a prima facie case. State, Dep't of Health & Rehabilitative Servs. ex rel. Williams v. Thibodeaux, 547 So. 2d 1243, 1244 (Fla. 2d DCA 1989).

A party seeking to foreclose on a note and mortgage must prove that it has standing to do so. To have standing to foreclose, the plaintiff must demonstrate that it holds the note and mortgage in question. See Khan v. Bank of Am., N.A., 58 So. 3d 927, 928 (Fla. 5th DCA 2011). "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013). However, standing must be established at the time the

complaint was filed.  Id.  Thus, the bank needed to introduce evidence that it was in possession of the original note with the blank endorsement at the time it filed the complaint.  Id. at 310-11.  The bank failed to do so; none of the evidence adduced at trial demonstrated when, if at all, the bank came into possession of the note.

The bank's failure to prove a prima facie case warrants dismissal.  See Fla. R. Civ. P. 1.420(b); Wolkoff v. Am. Home Mortg. Servicing, Inc., 39 Fla. L. Weekly D1159 (Fla. 2d DCA May 30, 2014); Allard v. Al-Nayem Int'l, Inc., 59 So. 3d 198, 201 (Fla. 2d DCA 2011).  Accordingly, we reverse and remand with directions for the trial court to enter an order of involuntary dismissal.

Reversed and remanded.


WALLACE, J., and RICE, ELIZABETH G., ASSOCIATE JUDGE, Concur.