NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


WILLIAM CRAIG RUSSELL,                      )
                                            )
        Appellant,                          )
                                            )
v.                                          )        Case No. 2D14-3166
                                            )
AURORA LOAN SERVICES, LLC;                  )
NATIONSTAR MORTGAGE, LLC;                   )
MORTGAGE ELECTRONIC                         )
REGISTRATION SYSTEMS,                       )
INCORPORATED AS NOMINEE FOR                 )
FIRST NATIONAL BANK OF ARIZONA;             )
RL JAMES, INC.; and SUNDIAL OF              )
SANIBEL CONDOMINIUM ASSOCIATION, )
INC.,                                       )
                                            )
        Appellees.                          )
                                            )
_____)

Opinion filed April 24, 2015.

Appeal from the Circuit Court for Lee
County; James R. Thompson, Senior
Judge.

Richard Johnston, Jr. of Johnston
Champeau, LLC, Fort Myers, for Appellant.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of Akerman
LLP, Fort Lauderdale; and Celia C. Falzone
of Akerman LLP, Jacksonville, for
Appellees Aurora Loan Services, LLC and
Nationstar Mortgage, LLC.

No appearance for remaining Appellees.

BLACK, Judge.

William Russell appeals a final judgment of foreclosure entered in favor of Nationstar Mortgage, LLC (Nationstar), following a bench trial. We reverse because Nationstar failed to establish that the original plaintiff, Aurora Loan Services, LLC (Aurora), had standing to foreclose at the time Aurora filed the foreclosure complaint.

On February 25, 2011, Aurora filed a single-count, verified complaint for foreclosure. In the complaint, Aurora alleged both that it was the servicer of the loan, authorized to bring the lawsuit, and that it held the note and mortgage. Attached to the complaint were a note payable to First National Bank of Arizona with no indorsements, an allonge containing three indorsements, a mortgage naming Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for First National Bank of Arizona, and a corporate assignment of mortgage.

The assignment reflects that the mortgage was assigned from MERS as nominee for First National Bank of Arizona and its successors and assigns to Aurora on November 23, 2010, prior to the initiation of the lawsuit. The note with attached allonge contains three undated special indorsements. The first indorsement is from First National Bank of Arizona to First National Bank of Nevada. The second is from First National Bank of Nevada to Residential Funding Company, LLC. And the third indorsement is from Residential Funding Company, LLC, to Deutsche Bank Trust Company Americas as Trustee (Deutsche Bank). Deutsche Bank is not a party to the action nor was it served.

During the course of litigation Aurora moved to have Nationstar substituted as plaintiff, and the court granted the motion. Aurora attached to its motion an assignment of mortgage from Aurora to Nationstar. An amended complaint was not filed. In his answer, Mr. Russell raised standing as an affirmative defense, alleging that Aurora lacked standing to foreclose and that Nationstar, as substituted party plaintiff, also lacked standing.

A bench trial was held on June 20, 2014. Nationstar called Jose Perez as its sole witness. Mr. Perez testified that he was a default specialist for Nationstar and had previously worked in the same capacity for Aurora. The original note and mortgage were admitted into evidence along with the assignment of mortgage. However, the assignment did not purport to assign or transfer the note, and as previously observed, the note was not indorsed to Aurora nor was it indorsed in blank. See Lindsey v. Wells Fargo Bank, N.A., 139 So. 3d 903, 904-05 (Fla. 1st DCA 2013); see also Bristol v. Wells Fargo Bank, Nat'l Ass'n, 137 So. 3d 1130, 1133 (Fla. 4th DCA 2014) (disapproving the bank's argument that the assignment of mortgage, reflecting only transfer of the mortgage and not the note, supported its standing to foreclose). In addition to those documents, a limited power of attorney (POA) executed by Deutsche Bank and evidencing Nationstar's designation as loan servicer was admitted over objection. The POA identified Nationstar as the successor servicer to Aurora, which was a successor servicer to Residential Funding Company, LLC. The POA, dated August 6, 2012, does not indicate when Nationstar became the successor servicer to Aurora or when Aurora succeeded Residential Funding Company.

Mr. Russell moved for involuntary dismissal based on Aurora's and Nationstar's lack of standing. He argued that neither Aurora nor Nationstar was the holder of the note and that there was a total lack of evidence establishing Aurora's authority to bring the foreclosure action as servicer. He further argued that the best evidence of standing that Nationstar presented was the POA which was signed well after the suit was commenced and was unclear as to whether it even applied to Mr. Russell's loan.

The court did not expressly deny Mr. Russell's motion. And despite expressing concerns regarding standing, the court ultimately entered the final judgment of foreclosure in favor of Nationstar.

"A plaintiff alleging standing as a holder must prove it is a holder of the note and mortgage both as of the time of trial and also that the (original) plaintiff had standing as of the time the foreclosure complaint was filed." Kiefert v. Nationstar Mortg., LLC, 153 So. 3d 351, 352 (Fla. 1st DCA 2014). Under this theory, a plaintiff must establish more than just physical possession of the original note. If the plaintiff is not the payee of the original note, the plaintiff must also prove that the original note contains an indorsement in favor of the plaintiff (special indorsement) or an indorsement in blank. Id. at 353. In either case, the indorsement must have been made prior to the filing of the lawsuit in order to establish the plaintiff's standing. Id. A substituted plaintiff acquires only the standing of the original plaintiff. Fla. R. Civ. P. 1.260; Kiefert, 153 So. 3d at 353 n.4.

Here, the only note in evidence was payable to First National Bank of Arizona and specially indorsed, ultimately, to Deutsche Bank as trustee. Nationstar's

witness, Mr. Perez, testified that Deutsche Bank was the holder of the note. Thus, Nationstar failed to establish that Aurora had standing to bring the foreclosure suit as a holder. See Lacombe v. Deutsche Bank Nat'l Trust Co., 149 So. 3d 152, 155 (Fla. 1st DCA 2014) ("[N]one of Deutsche Bank's exhibits qualifies as an indorsement from [the note holder] to Deutsche Bank, an assignment from [the note holder] to Deutsche Bank, or an affidavit otherwise proving the plaintiff's standing to bring the foreclosure action on the note and mortgage at issue as a matter of law.").

"In the mortgage foreclosure context, 'standing is broader than just actual ownership of the beneficial interest in the note.' " Elston/Leetsdale, LLC v. CWCapital Asset Mgmt. LLC, 87 So. 3d 14, 16-17 (Fla. 4th DCA 2012) (quoting Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151, 153 (Fla. 2d DCA 2007)). Florida Rule of Civil Procedure 1.210(a), the real party in interest rule, " 'permits an action to be prosecuted in the name of someone other than, but acting for, the real party in interest.' " Azize, 965 So. 2d at 153 (quoting Kumar Corp. v. Nopal Lines, Ltd., 462 So. 2d 1178, 1183 (Fla. 3d DCA 1985)). Thus, "a servicer may be considered a party in interest to commence legal action as long as the trustee joins or ratifies its action." Elston/Leetsdale, 87 So. 3d at 17 (emphasis omitted).

In this case, as in Elston/Leetsdale, Aurora alleged and verified as true that it was the loan servicer and had authority to bring the foreclosure action. Aurora did not allege upon what authorization it acted. Nor did Aurora attach to the complaint or file of record "any evidence, affidavits[,] or other documents, supporting its allegation that it was authorized to prosecute the action on behalf of the trust." See

Elston/Leetsdale, 87 So. 3d at 17. And, as in Elston/Leetsdale, the complaint was verified by an employee of Aurora and not by the real party in interest—Deutsche Bank.

Nationstar contends, as it did at trial, that the POA sufficiently establishes Aurora's standing at the time the foreclosure suit was filed. However, as previously noted, the POA is dated some eighteen months after the complaint was filed, grants limited powers to Nationstar only, and does not indicate the dates which Aurora previously acted as servicer for Deutsche Bank. Nor does it indicate that Aurora held a similar POA or was otherwise given the same limited powers granted to Nationstar. Cf. One W. Bank, F.S.B. v. Bauer, 39 Fla. L. Weekly D1160 (Fla. 2d DCA May 30, 2014) (granting petition for writ of certiorari and noting that powers of attorney for both the original servicer and successor servicer were introduced into evidence), rev. denied, 157 So. 3d 1041 (Fla. 2014). Nationstar's evidence established that it was the current loan servicer for Deutsche Bank; it did not prove that Aurora had standing as a prior servicer. See Murray v. HSBC Bank USA, 157 So. 3d 355, 358-59 (Fla. 4th DCA 2015).

Perhaps more importantly, even if the POA could in some way be evidence of Aurora's authority to bring the foreclosure action, the POA merely references agreements which identify mortgage loans serviced by Nationstar and those agreements identify loans not by loan number or name but rather by "series" numbers which do not correlate to any of Mr. Russell's loan documents in evidence. When questioned about the agreements referenced in the POA, Mr. Perez was unable to state what loans were included in the various series identified. Nationstar failed to present any evidence that Mr. Russell's loan was among those included in the agreements referenced in the POA. Thus, Nationstar failed to establish that it—and its predecessor

Aurora—had standing to foreclose the note and mortgage at issue.  See Lacombe, 149 So. 3d at 154-55.

Because Nationstar failed to adduce any evidence of its predecessor's standing to bring the foreclosure suit, we must consider what relief may be afforded to Mr. Russell on remand.  Rule 1.420(b) provides that "[a]fter a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief."  Here, Mr. Russell moved for involuntary dismissal based on Nationstar's lack of standing and contends on appeal that he is entitled to dismissal of the action.  We agree.  See, e.g., May v. PHH Mortg. Corp., 150 So. 3d 247, 249 (Fla. 2d DCA 2014); Lacombe, 149 So. 3d at 156.

Accordingly, we reverse the final judgment of foreclosure and remand with directions that the trial court enter an order of involuntary dismissal.

CASANUEVA and SALARIO, JJ., Concur.