NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL B. DICKSON and          )
MAGDALENA DICKSON,              )
                                )
        Appellants,             )
                                )
v.                              )          Case No. 2D14-1137
                                )
ROSEVILLE PROPERTIES, LLC,      )
                                )
        Appellee.               )
_____ )

Opinion filed November 6, 2015.

Appeal from the Circuit Court for
Manatee County; Thomas M. Gallen,
Senior Judge.

Michael B. Dickson and Magdalena
Dickson, pro se.

Peter P. Hagood of Hagood & Garvey,
Maitland, for Appellee.


SALARIO, Judge.

        In this residential foreclosure action, Michael and Magdalena Dickson

appeal from a final judgment in favor of Roseville Properties, LLC, rendered after a

nonjury trial. Prior to trial, Roseville was substituted as plaintiff in place of Nationstar

Mortgage, LLC, which originally filed the action. Because Roseville failed to prove at

trial that Nationstar had standing when it filed suit, we reverse and remand with instructions to enter an order of involuntary dismissal.

In September 2007, the Dicksons borrowed $224,000 from Ameripath Mortgage Corporation to finance the purchase of a residence. The debt was evidenced by a note showing the Dicksons as borrowers and Ameripath as lender and secured by a mortgage showing the Dicksons as borrowers and Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Ameripath as lender. Beginning in November 2009, the Dicksons defaulted on the note by failing to make their mortgage payments.

On July 18, 2011, Nationstar filed a verified foreclosure complaint against the Dicksons. It alleged that it was entitled to enforce the note and mortgage but did not allege the factual or legal basis for that right. The only exhibits to the complaint were copies of the note and mortgage, which, because they made no reference to Nationstar, also failed to show the basis of its asserted right to foreclose. The Dicksons filed affirmative defenses alleging, among other things, that Nationstar lacked standing to enforce the note because it failed to establish any basis for doing so.

On October 26, 2012, Roseville filed a motion to substitute itself for Nationstar as plaintiff. It alleged that after the complaint was filed, Nationstar's interest in the mortgage was transferred to Roseville. The Dicksons responded that Roseville lacked standing because Nationstar, from which Roseville acquired any rights it had, also lacked standing. The trial court granted the motion, and Roseville was substituted for Nationstar as the plaintiff in this case.

Roseville later filed the original note, which contained no endorsement, and the original mortgage. It also filed a document which reflected an assignment of the Dickson's mortgage from Kondaur Capital Corporation to Roseville on August 16, 2012.

- 2 -

Roseville also served the Dicksons with a set of requests for admissions. Those requests sought admissions that Roseville was the owner of the note, the current holder of the note, the owner of the mortgage, and the current holder of the mortgage. The Dicksons failed to answer the requests.

On September 6, 2013, the Dicksons filed a motion to dismiss alleging that Roseville lacked standing to foreclose because Nationstar lacked such standing at the time the suit was filed. They attached copies of six assignments of their mortgage, all of which were dated after the foreclosure complaint was filed on July 18, 2011: (1) an assignment from MERS as nominee for Ameripath to U.S. Bank, N.A., "as trustee for the Maiden Lane Asset Backed Securities I Trust 2008-1, c/o Nationstar" (U.S. Bank c/o Nationstar) dated September 22, 2011; (2) an assignment from MERS as nominee for Ameripath directly to Nationstar dated September 23, 2011; (3) an assignment from U.S. Bank c/o Nationstar to Kondaur dated December 16, 2011; (4) an assignment from U.S. Bank c/o Nationstar to Selene Finance dated February 2, 2012; (5) an assignment from Nationstar to Kondaur dated April 25, 2012; and (6) an assignment from Kondaur to Roseville dated August 16, 2012. Six days later, the trial court entered an order denying the Dicksons' motion. On September 18, 2013, the Dicksons filed a second motion to dismiss for lack of standing. The trial court again denied the motion.

The trial court held a bench trial on February 10, 2014. As its sole witness, Roseville called Taisha Cintron, a Roseville account representative. She testified that she was familiar with the Dicksons' account, that their file was kept in the ordinary course of business, and that the loan was in default. Through Ms. Cintron, Roseville introduced the Dicksons' loan history into evidence. Ms. Cintron did not provide any testimony concerning Nationstar's entitlement to foreclose at the time suit

- 3 -

was filed or Roseville's entitlement to foreclose at the time of trial. At the close of Roseville's case, the Dicksons moved to dismiss based on Roseville's lack of standing. The trial court denied this motion and granted judgment in favor of Roseville.

Where, as here, the defendant asserts a lack of standing as a defense to foreclosure, it is incumbent upon the plaintiff to prove its standing at trial. Gonzalez v. Deutsche Bank Nat'l Trust Co., 95 So. 3d 251, 253-54 (Fla. 2d DCA 2012). This requires the plaintiff to show that it is the "holder" of the note or a person acting on behalf of the holder. Mortg. Elec. Regis. Sys., Inc. v. Azize, 965 So. 2d 151, 153 (Fla. 2d DCA 2007). If the plaintiff is not the original lender, it may establish its standing as a holder "by submitting a note with a blank or special endorsement, an assignment of the note, or [with a sworn statement] otherwise proving the plaintiff's status as the holder of the note." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013) (citing McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)). A plaintiff that is not a holder, such as a mortgage servicer, can establish standing through proof that it is authorized to enforce the note on behalf of the holder. Russell v. Aurora Loan Servs., LLC, 163 So. 3d 639, 642-43 (Fla. 2d DCA 2015).

For better or for worse, it is settled that it is not enough for the plaintiff to prove that it has standing when the case is tried; it must also prove that it had standing when the complaint was filed.[1] May v. PHH Mortg. Corp., 150 So. 3d 247, 248-49 (Fla. 2d DCA 2014); see also Focht, 124 So. 3d at 311-12 (describing "a long line of supreme court cases" requiring that a plaintiff have standing at the inception of the case). In

---

[1]The rule requiring a plaintiff to prove its standing at the inception of suit at any point up to and through trial does present difficult issues both as a matter of legal doctrine and as a matter of practical application. See Focht, 124 So. 3d at 312-13 (Altenbernd, J., concurring).

- 4 -

Russell, we applied the rule requiring proof of standing at inception of the case to a substituted plaintiff and held that it was required to demonstrate that the original plaintiff had standing when the suit was filed. 163 So. 3d at 642. There, the original plaintiff alleged in its complaint that it was the servicer of the mortgage at issue, and it later sought to substitute a new plaintiff in its place based on an assignment of mortgage to that new plaintiff. Id. at 641. The defendant raised lack of standing as an affirmative defense, and at trial the substituted plaintiff failed to show that the original plaintiff had standing either as a holder or as servicer authorized by the holder to enforce the note. Id. at 641-42. Because the substituted plaintiff failed to prove the original plaintiff's standing at inception, we reversed the final judgment of foreclosure. Id. at 643.

This case is indistinguishable from Russell. The record is devoid of any evidence that Nationstar had standing when it filed suit. The original note and mortgage filed with the trial court contain no indication that Nationstar was the holder at the time the complaint was filed. There is no documentary evidence to indicate that Nationstar had the right to enforce the note on behalf of someone else at the time the complaint was filed. Roseville presented no testimony to show that Nationstar had standing at inception. On the contrary, the only evidence in this record related to Nationstar—the postfiling assignments of mortgage from MERS to U.S. Bank c/o Nationstar Mortgage, LLC and, subsequently, to Nationstar directly—could establish only that Nationstar acquired standing in some manner after it filed the complaint.

Roseville asserts that because the Dicksons failed to respond to its requests for admissions about its status as the "owner" and "current holder" of the note and mortgage, those requests are deemed admitted and its standing is proved. See Fla. R. Civ. P. 1.370(a), (b) (providing that unanswered requests for admission are

deemed admitted and that any matter admitted is conclusively established unless the court permits withdrawal or amendment). The problem with this argument is that Roseville did not propound any requests related to whether Nationstar was either the holder of the note or acting on behalf of the holder of the note at the time it filed suit. Its requests went solely to whether Roseville was the "owner" and "current holder" of the note and mortgage. The Dicksons' technical admissions of those requests establishes at most that Roseville had standing when the requests were served and the Dicksons failed to answer them, not that Nationstar had standing when it filed suit.[2] See Russell, 163 So. 3d at 643 (rejecting as proof of standing at inception a power of attorney dated eighteen months after the complaint was filed).

Because Roseville failed to prove standing at inception of the suit, the trial court erred in granting it a final judgment. In light of Roseville's failure of proof, the trial court was obliged to grant the Dicksons the dismissal they sought. See id.; May, 150 So. 3d at 249. Accordingly, the judgment below is reversed and the case is remanded to the circuit court with instructions to enter an order of involuntary dismissal. This disposition renders the numerous other issues the Dicksons have raised on appeal moot, and we therefore decline to address them.

Reversed and remanded with instructions.


NORTHCUTT and LaROSE, JJ., Concur.

---

[2]The Dicksons filed with the trial court a "motion to strike" the requests for admissions, alleging that they never received them. The trial court denied that motion. The Dicksons have not appealed that denial.