NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

J-H HOME MORTGAGE RESCUE,          )
LLC, as trustee of the 4661 Carson )
Land Trust dated 11/30/90,         )
                                   )
          Appellant,               )
                                   )
v.                                 )    Case No. 2D14-3398
                                   )
FEDERAL NATIONAL MORTGAGE          )
ASSOCIATION,                       )
                                   )
          Appellee.                )
_____)

Opinion filed December 16, 2015.

Appeal from the Circuit Court for
Pinellas County; Lorraine Kelly, Acting
Circuit Judge.

Timothy W. Weber of Weber, Crabb &
Wein, P.A., St. Petersburg, for Appellant.

Elizabeth T. Frau of Ronald R. Wolfe &
Associates, P.L., Tampa, for Appellee.

NORTHCUTT, Judge.

J-H Home Mortgage Rescue, LLC, appeals a final judgment of foreclosure in favor of Federal National Mortgage Association (Fannie Mae). We reverse because the record lacked competent, substantial evidence to show that Fannie Mae was entitled to enforce the note.

In 2011, SunTrust Mortgage, Inc., filed a foreclosure complaint and alleged that Fannie Mae was the owner of the note but that SunTrust was the servicer and holder of the note. In the original note and mortgage, SunTrust was identified as the lender. The note contained a blank indorsement, but it was stamped "VOID." SunTrust's complaint and amended complaint were dismissed. In the second-amended complaint, SunTrust was alleged to have been the former servicer and Fannie Mae was alleged to be the real party in interest.

At trial, testimony was presented by a representative of the new servicer, Seterus, Inc. The witness testified that Fannie Mae acquired the loan in October 2007. He based his testimony simply on a screen shot taken from his company's computer system. This image reflected two different loan numbers—one attributed to Fannie Mae and one attributed to Seterus, the current servicer. There was no assignment, no allonge, nor any other evidence that Fannie Mae had standing.

"A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special indorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." May v. PHH Mortg. Corp., 150 So. 3d 247, 248 (Fla. 2d DCA 2014) (quoting Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013)). There was no indorsement or assignment, in blank or to Fannie Mae, and the screen shot was not competent, substantial evidence of its acquisition.

Reversed.


CASANUEVA and BLACK, JJ., Concur.