KHOUZAM, Judge.
Thomas and Deborah Elaine Corrigan appeal the final judgment of foreclosure entered in favor of Bank of America following a bench trial. Because Bank of America failed to show that it or its predecessors had standing to foreclose as of the date the original complaint was filed, we reverse and remand. We consider this case en banc to recede from this court’s holding in AS Lily LLC v. Morgan, 164 So.3d 124 (Fla. 2d DCA 2016), to the extent that it suggests that standing may be established at the time an amended complaint is filed. As we conclude the Bank did not have standing to sue, we do not reach the Corrigans’ remaining issue.
The record shows that the Corrigans executed a note and mortgage on May 24, 2008. Countrywide Bank, FSB, was the lender listed on both documents. On December 11, 2008, another entity — Countrywide Home Loans Servicing, LP — filed a complaint against the Corrigans, seeking to foreclose the mortgage, attempting to reestablish the lost note, and alleging that it had standing to sue by virtue of an assignment. Attached to the complaint *189 was a copy of the mortgage and a ledger of loan — but no copy of the note.
It was not until May'6, 2011, that Countrywide Home Loans Servicing, LP, filed the original note and mortgage. The note bore an undated blank endorsement. BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, was later substituted as plaintiff for Countrywide Home Loans Servicing, LP. Then Bank of America — as successor by merger' to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP— voluntarily dismissed the count for reestablishment of the lost note and filed an amended complaint. Attached to the amended complaint were the note with an undated blank endorsement, the mortgage, and an assignment of the mortgage. The assignment showed 'that Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, had assigned the mortgage to Bank of America, NA, successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans' Servicing, LP. The assignment was dated December 15, 2011 — approximately three years after the original complaint had been filed.
The Corrigans filed, art answer and affirmative defenses, claiming that Bank of America did not have standing to bring suit because it was not in possession of the original, endorsed note at the time the lawsuit was filed. A bench trial was held on June 18, 2014. Bank of America called one witness, a mortgage resolution- associate, who was familiar with the business records associated with the Corrigans’ loan. The note, mortgage, assignment, and payment history were admitted into evidence. But no evidence was presented to establish that Bank of America or its predecessors had possession of the endorsed note at the time the suit was filed. After Bank of America rested, the Corri-gáns’ counsel moved to dismiss, arguing that Bank of America had failed to show standing at the inception of the suit. The Bank’s attorney responded that the filing of the original documents with the note éndorsed in blank was sufficient to establish standing. The circuit court denied the motion to dismiss, and the Corrigans’ counsel opted not to present any evidence. Final judgment of foreclosure was entered, and this appeal followed.
We agree with the Corrigans that Bank of America failed to show that it had standing to file suit because there was no evidence that it or its predecessors had possession of the original-note, with-the endorsement, at the time the original complaint was filed. “A plaintiff alleging standing as a holder must prove it is a holder of the note and mortgage both as of the time of trial and also that the (original) plaintiff had standing as of the time the foreclosure complaint was filed.” Russell v. Aurora Loan Servs., LLC, 163 So.3d 639, 642 (Fla. 2d DCA 2015) (quoting Kiefert v. Nationstar Mortg., LLC, 153 So.3d 351, 352 (Fla. 1st DCA 2014)). This is because “[a] substituted plaintiff acquires only the standing of the original plaintiff.” Id.
“To be a holder entitled to enforce under the facts of this case, Bank of America was required to show physical possession of the original note and an endorsement or allonge either in blank or in favor of the plaintiff.” Eagles Master Ass’n v. Bank of Am., N.A., — So.3d-,-, 40 Fla. L. Weekly D1510, D1510, 2015 WL 3915871 (Fla. 2d DCA June 26, 2015). “The endorsement must have occurred before the filing of the complaint because it is axiomatic that standing must be shown as of the filing of the complaint.” Id. (citing Focht v. Wells Fargo Bank, N.A., 124 So.3d 308, 310 (Fla. 2d DCA 2013)). “Had the note with the blank endorsement *190 been filed with the original complaint, that would haye been sufficient to show standing.” Id. (citing Am. Home Mortg. Servicing, Inc. v. Bednarek, 132 So.3d 1222 (Fla. 2d DCA 2014)). But “a later filed copy of the note with.the endorsement [does] not suffice to show standing at the time the complaint was filed.” Id. (citing May v. PHH Mortg. Corp., 150 So.3d 247 (Fla. 2d DCA 2014)).
Here, no note — not even a copy — was filed with the original complaint. Though Bank of America later filed the original note and mortgage along with an assignment, these documents did not establish standing at the time the original complaint was filed because the endorsement was undated and the • assignment was dated after the original complaint was filed. No evidence was presented at trial to-establish when the note was endorsed. ■ So Bank of America, as successor in interest to Countrywide Home Loans Servicing, LP, could not rely on thé fact that it possessed the note endorsed in blank at the time the amended complaint was filed because it only acquired the standing, or lack thereof, of Countrywide Home Loans, which lacked standing at the inception of the case. Bank of America’s subsequent acquisition of the note endorsed in blank cannot cure this deficiency.
Bank of America relies on this court’s recent decision in AS Lily to argue that standing may be established at the time an amended complaint is filed. See 164 So.3d 124. To the extent that AS Lily suggests that standing may be established at the time an amended complaint is filed, we recede from our holding in that case. We reiterate that it is essential to establish stáhding as' of the date the complaint is filed.
Reversed and remanded for the entry of an order of dismissal.
NORTHCUTT, CASANUEVA, SILBERMAN, WALLACE, MORRIS, BLACK, SLEET, SALARIO, and BADALAMENTI, JJ., Concur. ,
ALTENBERND, J., Concurs with an opinion in which LaROSE and CRENSHAW, JJ., Concur.
LUCAS, J., Concurs with an opinion in which VILLANTI, C.J., and KELLY, J., Concur.