NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED


IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ROBERT J. STOLTZ,                          )
                                           )
          Appellant,                       )
                                           )
v.                                         )          Case No. 2D15-1095
                                           )
AURORA LOAN SERVICES, LLC;                 )
NATIONSTAR MORTGAGE, LCC;                  )
HERITAGE BAY UMBRELLA                      )
ASSOCIATION, INC.; THE QUARRY             )
COMMUNITY ASSOCIATION, INC.;              )
LORETTA M. STOLTZ; ROBERT B.              )
STOLTZ; UNKNOWN TENANT N/K/A              )
JUSTIN STOLTZ,                             )
                                           )
          Appellees.                       )
                                           )
_____)

Opinion filed July 6, 2016.

Appeal from the Circuit Court for Collier
County; Daniel R. Monaco, Judge.

Nicole R. Moskowitz of Neustein Law
Group, P.A., Aventura, for Appellant.

Nancy M. Wallace and Ryan D. O'Connor
of Akerman LLP, Tallahassee, and William
P. Heller of Akerman LLP, Ft. Lauderdale,
for Appellee Aurora Loan Services, LLC.

No appearance for remaining Appellees.


SALARIO, Judge.

We are again required to reverse a final judgment of foreclosure because of the plaintiff's failure to prove at trial the existence of standing at inception of the case. See Dickson v. Roseville Props., LLC, 40 Fla. L. Weekly D2520 (Fla. 2d DCA Nov. 6, 2015) ("For better or for worse, it is settled that it is not enough for the plaintiff to prove that it has standing when the case is tried; it must also prove that it had standing when the complaint was filed.").

In this instance, a mortgage servicer filed suit against the borrower and homeowner, Robert Stoltz, and a different servicer was substituted as plaintiff prior to trial. The action was commenced and maintained on the theory that the servicers were the holders of the note at issue, not on the theory that the servicers were authorized to foreclose on behalf of a holder. Mr. Stoltz placed the question of standing at inception at issue by pleading it as an affirmative defense in an amended answer. To satisfy the requirement of standing at inception, therefore, the second servicer (the one that took the case to trial) was required to prove at trial that the first servicer (the one that filed the suit) held the note when the case was filed. See Russell v. Aurora Loan Servs., LLC, 163 So. 3d 639, 642 (Fla. 2d DCA 2015).

At the trial, the second servicer attempted to meet this burden by offering a note bearing an undated indorsement in blank. An indorsement in blank is sufficient to prove that the person in possession of the note is its holder. Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013). Because the indorsement in this case was undated and was not attached to the original complaint, however, it was insufficient to prove that the first servicer held the note at the inception of the case absent additional evidence that the first servicer actually possessed the note at the inception of the case. See Sorrell v. U.S. Bank Nat'l Ass'n, 41 Fla. L. Weekly D847 (Fla.

- 2 -

2d DCA Apr. 6, 2016). The only additional evidence the second servicer presented was the testimony of its representative. That testimony established at most that the first servicer was in fact servicing the mortgage when it filed suit, not that the first servicer held the note when it filed suit. For that reason, the second servicer failed to carry its burden of proving standing at inception, and the borrower's motion for involuntary dismissal, made at the close of the second servicer's case at trial, should have been granted. See Russell, 163 So. 3d at 643; May v. PHH Mortg. Corp., 150 So. 3d 247, 249 (Fla. 2d DCA 2014).

We observe that the operative complaint attaches a copy of an assignment purporting to transfer both the note and mortgage to the first servicer prior to the date suit was originally filed. That document might have proved that the first servicer had standing at inception. See Focht, 124 So. 3d at 310 ("A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note."). The second servicer, however, made no effort to have this document admitted into evidence at trial. On appeal, no argument is made or authority cited that, notwithstanding that failure, the assignment is sufficient to support the judgment when standing is contested at trial. See Beaumont v. Bank of N.Y. Mellon, 81 So. 3d 553, 555 n.2 (Fla. 5th DCA 2012) (noting that a copy of an assignment of a note in the court file was not competent evidence where it was never authenticated and offered into evidence).

We reverse the final judgment and remand the case to the trial court with instructions to enter an order of involuntary dismissal.

VILLANTI, C.J., and CRENSHAW, J., Concur.