NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RUTH ANN EADDY                          )
                                        )
        Appellant,                      )
                                        )
v.                                      )   Case No.  2D15-630
                                        )
BANK OF AMERICA, N.A. SUCESSOR          )
BY MERGER TO BAC HOME LOANS             )
SERVICING, LP f/k/a COUNTRYWIDE         )
HOME LOANS SERVICING, LP; AMY           )
E. SKELTON; UNKNOWN SPOUSE OF           )
AMY E. SKELTON IF ANY; ANY AND          )
ALL UNKNOWN PARTIES CLAIMING            )
BY THROUGH, UNDER, and AGAINST          )
THE HEREIN NAMED INDIVIDUAL             )
DEFENDANT(S) WHO ARE NOT                )
KNOWN TO BE DEAD OR ALIVE,              )
WHETHER SAID UNKNOWN PARTIES            )
MAY CLAIM AN INTEREST AS                )
SPOUSES, HEIRS, DEVISEES,               )
GRANTEES OR OTHER CLAIMANTS;            )
HOME LOAN CENTER INC. d/b/a             )
LENDINGTREE LOANS; JOHN DOE             )
AND JANE DOE AS UNKNOWN                 )
TENANTS POSSESSION,                     )
                                        )
                                        )
        Appellees.                      )
_____ )


Opinion filed August 26, 2016.

Appeal from the Circuit Court for Polk
County; Cecelia M. Wilhite, Senior Judge.

Roberta G. Mandel of Mandel Law Group, Miami, for Appellant.

Brian Bush of Frenkel Lambert Weiss Weisman & Gordon, LLP, Fort Lauderdale, for Appellee Bank of America, N.A.

No appearance for remaining Appellees.

CRENSHAW, Judge.

Ruth Ann Eaddy appeals a final judgment of mortgage foreclosure entered against her and in favor of Bank of America, N.A. after a bench trial. Because Bank of America failed to prove it had standing to foreclose at the inception of the case, we reverse.

In November 2003, Amy Skelton executed a promissory note and mortgage in favor of Countrywide Home Loans, Inc. She later transferred the property to her mother, Ruth Ann Eaddy, by quit claim deed. Ruth Ann Eaddy is also the personal representative of Skelton's Estate.

On June 29, 2009, BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P., filed a mortgage foreclosure complaint against Skelton. The complaint attached as its only exhibit the mortgage and promissory note executed by Skelton in favor of lender Countrywide Home Loans, Inc. The complaint alleged that "[s]aid mortgage was subsequently assigned to BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P. by virtue of an assignment to be recorded." No assignment of mortgage was attached. Nor was there an endorsement on or an allonge attached to the note.

On January 6, 2014, Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P., filed a motion for leave to amend complaint, stating that the Bank "is in need of amending its Complaint in order to rectify standing allegations contained in its Complaint and to add lost note count." The amended complaint included a count to establish lost note. Attached to the amended complaint were an affidavit of lost note, copies of the note and mortgage, and an assignment of mortgage.

Eaddy argued in a motion to dismiss, in her answer and affirmative defenses, and at trial that the Bank did not have standing to maintain the foreclosure action. Following a bench trial, the trial court entered a final judgment of foreclosure in favor of the Bank.

It is well-settled law that a plaintiff must prove it had standing at the time the foreclosure complaint was filed. Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013). "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." Id.

Here Bank of America failed to establish it had standing to foreclose at the time the original complaint was filed. Attached to the initial complaint filed by BAC Home Loans Servicing, L.P. were the note and mortgage executed by Skelton in favor of Countrywide Home Loans, Inc., not Bank of America. And the assignment of mortgage attached to Bank of America's amended complaint reflects only the transfer of the mortgage and not the note. See, e.g., Geweye v. Ventures Trust 2013-I-H-R, 189

- 3 -

So. 3d 231, 233 (Fla. 2d DCA 2016) (concluding "nothing in the assignment of mortgage conferred standing on [the plaintiff] to enforce the note"). Because Bank of America failed to prove it had standing to enforce the note at the time the initial complaint was filed, we reverse the final judgment of mortgage foreclosure and remand for dismissal.

Reversed and remanded for dismissal.

LUCAS, J., and DAKAN, STEPHEN L., ASSOCIATE SENIOR JUDGE, Concur.