NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| DAVID VERIZZO, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-2508 |
| | ) | |
| THE BANK OF NEW YORK MELLON | ) | |
| F/K/A THE BANK OF NEW YORK, AS | ) | |
| SUCCESSOR TRUSTEE FOR | ) | |
| JPMORGAN CHASE BANK, N.A., AS | ) | |
| TRUSTEE FOR NOVASTAR MORTGAGE | ) | |
| FUNDING TRUST, SERIES 2006-3 | ) | |
| NOVASTAR HOME EQUITY LOAN | ) | |
| ASSET-BACKED CERTIFICATES 2006-3, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed June 21, 2017.

Appeal from the Circuit Court for Sarasota
County; Nancy K. Donnellan, Senior Judge.

David Verizzo, pro se.

Diana B. Matson and Joshua R. Levine,
of Baker, Donelson, Bearman, Caldwell
and Berkowitz, PC, Fort Lauderdale,
for Appellee.


SALARIO, Judge.

We are again required to reverse a final judgment of foreclosure because

of the plaintiff's failure to prove at trial the existence of standing at the inception of the

case.  See Stoltz v. Aurora Loan Servs., LLC, 194 So. 3d 1097, 1098 (Fla. 2d DCA 2016) ("We are again required to reverse a final judgment of foreclosure because of the plaintiff's failure to prove at trial the existence of standing at inception of the case.").  We remand for entry of an order of involuntary dismissal under Florida Rule of Civil Procedure 1.420(b).

The proceedings leading to the judgment on review span many years, but the facts relevant to our decision are few.  On April 24, 2008, The Bank of New York, as successor trustee for Novastar Mortgage Funding Trust Series 2006-3, filed a complaint against David Verizzo to reestablish a lost note and to foreclose a mortgage securing the debt the note evidenced.[1]  The bank attached a copy of the mortgage but not a copy of the note.[2]  The mortgage stated that the borrower and mortgagor was Mr. Verizzo, that the lender was Novastar Mortgage, Inc., and that the mortgagee was Mortgage Electronic Registration Systems, Inc., as Novastar's nominee.

Mr. Verizzo filed an answer containing an affirmative defense that the bank lacked standing to enforce the note.  That answer put the bank on notice that its

---

[1]On the day of trial, the trial court substituted "The Bank of New York Mellon" for "The Bank of New York" as the plaintiff.  For purposes of determining whether the foreclosing plaintiff had standing at inception, any difference between these two entities is not material because a substituted plaintiff acquires only such standing as the original plaintiff had at the inception of the case.  See Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 189 (Fla. 2d DCA 2016) (en banc) (quoting Russell v. Aurora Loan Servs., LLC, 163 So. 3d 639, 642 (Fla. 2d DCA 2015)).  For ease of reference, we refer to the appellee here (plaintiff below) as "the bank."

[2]The lost note was discovered and filed with the court prior to trial.  See Verizzo v. Bank of N.Y., 28 So. 3d 976, 977 (Fla. 2d DCA 2010).  Although the complaint was not amended to remove the lost note count or to more accurately assert the purported basis for the bank's standing on the foreclosure count once the note was found, it is clear from the record that the count for reestablishment of a lost note by its owner was not an issue by the time of trial.

- 2 -

standing was at issue and imposed upon it the burden to prove at trial that it had

standing to enforce the note and mortgage.  See Dickson v. Roseville Props., LLC, 198

So. 3d 48, 50 (Fla. 2d DCA 2015); see also May v. PHH Mortg. Corp., 150 So. 3d 247,

248 (Fla. 2d DCA 2014) (holding that the plaintiff in a foreclosure action has the burden

to prove standing at trial).  That burden included proving not only its standing at the time

the case was tried but also when the case was filed.  May, 150 So. 3d at 248-49.

In the mine-run foreclosure case that comes to this court, the plaintiff's

standing to enforce the note and mortgage hinges on whether the plaintiff is the holder

of the note.  See § 673.3011(1), Fla. Stat. (2008); see, e.g., Russell v. Aurora Loan

Servs., LLC, 163 So. 3d 639, 642 (Fla. 2d DCA 2015).  That is the issue in this case as

well.[3]  Because the bank was not the original lender on the note—Novastar was—it

could prove standing as a holder by presenting the note with a blank indorsement or

special indorsement naming it as the holder, an assignment of the note to it, or other

admissible evidence sufficient to prove that it is in fact the noteholder.  See Focht v.

Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013).

After lengthy pretrial litigation—including two bankruptcies and a pit stop in

this court—the case went to trial in July 2015.[4]  The bank presented the testimony of an

---

[3]The bank has not specifically contended that it was a nonholder in possession with the rights of a holder under section 673.3011(2) for the purposes of standing.  We do, however, note that some of its arguments regarding its evidence of proof of standing alternatively might be construed as such.  See, e.g., St. Clair v. U.S. Bank Nat'l Ass'n, 173 So. 3d 1045, 1046-47 (Fla. 2d DCA 2015).  Regardless, as discussed in this opinion, the evidence was not sufficient to prove when the bank acquired possession of the note or the requisite rights of enforcement.

[4]The trial court originally granted the bank a summary judgment of foreclosure.  We reversed that judgment both because the bank failed to comply with the procedural requirements of rule 1.510(c)—it did not serve its summary judgment

employee of a mortgage servicer engaged by the bank and five documents: (1) a copy of a power of attorney dated April 14, 2014, through which "The Bank of New York Mellon f/k/a the Bank of New York as successor in interest to JPMorgan Chase Bank, N.A.," granted the servicer the right to act on the bank's behalf with respect to loans in the trust for which the bank purports to act as trustee here; (2) a copy of the note dated May 11, 2006; (3) a copy of the mortgage; (4) a copy of Mr. Verizzo's payment history; and (5) a copy of a default notice dated January 14, 2008, which was sent to Mr. Verizzo by a different servicer that identified "US Bank" as the "creditor." The copy of the note showed Novastar as the lender and contained no blank or special indorsement. Rather, it showed that Novastar was the original owner and holder of a note that had not been negotiated. See §§ 673.1101(1) (identifying the party to whom an instrument is initially payable), .2011(2) (defining the steps Novastar was required to take to negotiate the instrument as transfer of possession and indorsement).[5]

---

evidence twenty days before the summary judgment hearing—and because the summary judgment record left genuine issues of material fact as to the bank's standing to enforce the note and mortgage. See Verizzo, 28 So. 3d at 977-78.

[5]Several years prior to trial, the bank filed a document purporting to be the original note. That document contained an undated special indorsement from Novastar to "J.P. Morgan Chase Bank, as Trustee." The bank made no effort to have the original or a copy of the note bearing the indorsement admitted into evidence, however, and the trial court thus had before it at trial only a copy of the note without any indorsement. We need not address what this undated, indorsed note may have proved about whether the bank had standing to enforce the note at the time of trial by way of either a second indorsement or as a successor trustee. See § 673.1101(3)(b)(1) (indicating that holdership of a note specially endorsed to a trustee may become payable to a successor trustee). Whatever it may have proved, it would not, without other direct or circumstantial evidence showing that the bank came into possession of the note before the complaint was filed, have proved the bank's standing at inception. That is because an undated indorsement that is not presented to the court until after the original complaint is filed does not show whether the plaintiff who filed the case held the note at the time it was filed. See Corrigan, 189 So. 3d at 189 (holding that a note with an

- 4 -

The bank did not introduce any evidence at trial explaining how it became the noteholder. The representative of the servicer did not testify about what happened to the note after Novastar made the loan or how it came to the bank. The bank's trial evidence thus left significant evidentiary gaps concerning whether the note was negotiated—and, if so, when and by whom—and whether the bank became the holder—and, if so, when and how. There was also no testimony or documentary evidence showing that Mr. Verizzo's loan was actually a part of the trust for which the bank purports to serve as trustee.

Assuming for argument's sake that even with these evidentiary gaps, the bank made a prima facie case of its standing at the time of trial, it was nonetheless insufficient to show its standing at the time it filed the foreclosure complaint. On the record the bank made, we know that Novastar was the noteholder when the loan was made in May 2006, but who had authority to enforce the note when the complaint was filed in April 2008 is anybody's guess. We might speculate based on the bank's documents that after the loan was made it was put into the trust, that JPMorgan was originally appointed trustee, that the bank became the successor trustee prior to filing, and that the note was negotiated in accord with those transactions. But speculation is all that is. The bank presented no direct or circumstantial evidence to take these assumptions from the level of speculation to the level of prima facie proof that it held the note or otherwise had standing at the time it filed the foreclosure complaint. See Stone

---

undated, blank indorsement did not establish that plaintiff had possession of the note at the inception of the case); see also Sorrell v. U.S. Bank Nat'l Ass'n, 198 So. 3d 845, 847 (Fla. 2d DCA 2016) ("Standing *cannot* be established by simply filing a note with an undated indorsement or allonge months after the original complaint was filed.").

v. BankUnited, 115 So. 3d 411, 413 (Fla. 2d DCA 2013) ("[P]laintiff may demonstrate standing by submitting the note bearing a special endorsement in favor of the plaintiff or a blank endorsement, evidence of an assignment from the payee to the plaintiff, evidence of equitable transfer, or other evidence . . . proving the plaintiff's status as the holder of the note." (citing McLean v. JP Morgan Chase Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012))).

The bank says that we can find the missing links in two assignments that transferred the mortgage—but not the note—from MERS to the bank dated May 12, 2008, and July 6, 2010, which Mr. Verizzo had admitted into evidence during his defense case. There are two problems here. First of all, the assignments do not purport to transfer the note, and our court has held that an assignment of mortgage that does not also transfer the note, at least standing alone, does not prove that a foreclosure plaintiff has the rights to enforce the note. Caballero v. U.S. Bank Nat'l Ass'n, 189 So. 3d 1044, 1046 (Fla. 2d DCA 2016) ("[T]he assignment was insufficient to show standing because it only purported to assign the mortgage, not the note."); see also Eaddy v. Bank of Am., N.A., 197 So. 3d 1278, 1280 (Fla. 2d DCA 2016) (holding that plaintiff failed to prove standing where "the assignment of mortgage attached to [the] amended complaint reflects only the transfer of the mortgage and not the note"). Furthermore, even if an assignment of mortgage could, taken with other facts, constitute some quantum of circumstantial evidence that any rights related to the note were also transferred, the assignments here are dated after the filing of the bank's complaint. Because the assignments came after the bank initiated these proceedings, they do not say anything about whether the bank had standing when it initiated them. See Dickson,

198 So. 3d at 51 ("[P]ostfiling assignments of mortgage . . . could establish only that [the plaintiff] acquired standing in some manner after it filed the complaint."); see also Russell, 163 So. 3d at 643 (holding that postfiling power of attorney did not establish standing at the time of filing).

The bank also asserts that excerpts of a pooling and servicing agreement dated May 2006 among Novastar, U.S. Bank, and JPMorgan prove its standing at the inception of the case. Even if we agreed with the bank about the import of these excerpts—we do not, but further explanation is unnecessary here—it would be a moot point because they were not admitted into evidence at the trial. See Stoltz, 194 So. 3d at 1098-99 (declining to affirm foreclosure judgment on the basis of an assignment in the court file where assignment had not been admitted into evidence). They were not admitted into evidence because the bank objected to their being admitted, and the trial court sustained that objection. Having invited the trial court to exclude the excerpts of the pooling and servicing agreement from evidence, the bank is in no position to treat them as though they had been admitted into evidence for purposes of appeal. Cf. Tate v. Tate, 91 So. 3d 199, 204 (Fla. 2d DCA 2012) ("[T]he invited error rule prevents [a party] from complaining on appeal about a ruling [it] invited the trial court to make.").

Mr. Verizzo made a motion for involuntary dismissal based on the bank's failure to prove standing, which the trial court treated as part of his closing argument. Because the bank failed to make a prima facie case that it had standing at the inception of the case, that motion should have been granted. See Russell, 163 So. 3d at 643; May, 150 So. 3d at 249. Accordingly, we reverse the final judgment of foreclosure and remand the case to the trial court with instructions to enter an order of involuntary

- 7 -

dismissal.  This resolution renders Mr. Verizzo's other appellate arguments moot, and we therefore decline to address them.

Reversed; remanded with instructions.

KELLY and BLACK, JJ., Concur.