NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DAVID G. JOHNSON and JILL C. )
JOHNSON, )
 )
 )
Appellants, )
 )
v. )          Case No. 2D15-3269
 )
U.S. BANK NATIONAL ASSOCIATION, )
AS TRUSTEE, FOR STRUCTURED )
ASSET INVESTMENT LOAN TRUST, )
MORTAGE PASS-THROUGH )
CERTIFICATES, SERIES 2005-7; )
MEADOW WALK HOMEOWNERS )
ASSOCIATION, INC, )
 )
Appellees. )
_____)

Opinion filed June 28, 2017.

Appeal from the Circuit Court for
Sarasota County; Nancy K. Donnellan,
Judge.

Michael J. Belle and Hosea M. Horneman
of Michael J. Belle, P.A., Sarasota, for
Appellants.

Michele L. Stocker of Greenberg Traurig,
P.A., Ft. Lauderdale; Kimberly S. Mello
and Laura J. Bassini of Greenberg Traurig,
P.A., Tampa, for Appellee U.S. Bank.

No appearance for remaining Appellee.

CRENSHAW, Judge.

David and Jill Johnson appeal the final judgment of foreclosure entered against them and in favor of U.S. Bank National Association (the Bank) arguing that the Bank failed to prove that it had standing to foreclose. Because the Bank failed to present sufficient evidence that it had standing, we reverse.

The Bank filed its verified complaint against the Johnsons for mortgage foreclosure and to reestablish a lost note in April 2013 alleging that it had standing as the holder of the note and was entitled to enforce the note at the time it was lost. The Bank attached to the complaint copies of the note, mortgage, assignment of mortgage, and a lost note affidavit. The note identified BNC Mortgage, Inc., as the lender and the Johnsons as the borrowers and contained no endorsements. The mortgage similarly identified BNC as the lender and the Johnsons as borrowers. The assignment of mortgage, dated July 18, 2011, reflected that BNC assigned the Johnsons' mortgage to the Bank; the assignment made no mention of the note. In their answer, the Johnsons asserted the Bank's lack of standing as an affirmative defense.

The case proceeded to a nonjury trial. At trial, the Bank introduced the following relevant documents into evidence: the copy of the note, the copy of the mortgage, the copy of the assignment of mortgage, a Securitization Subservicing Agreement (SSA) which identified the Bank as trustee, and two screen printouts—an "acquisition screen" and an "investor screen"—from the Bank's servicer. Importantly, the SSA did not include a mortgage loan schedule indicating what specific loans were included in the trust. The Bank also presented testimony from an employee of its servicer. At the close of the evidence the Johnsons moved for an involuntary dismissal

based on the Bank's failure to prove standing. The trial court denied the motion and entered a final judgment of foreclosure in favor of the Bank.

We agree with the Johnsons' argument on appeal that the trial court erred in denying the motion for involuntary dismissal because none of the evidence presented by the Bank showed that the Bank was the holder of the note at any relevant point. "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013). The Bank concedes that the only version of the note in this case does not contain any endorsements and that there is no evidence of an assignment of the note. The SSA does not reflect that the Johnsons' loan was a part of the trust, and the Bank's witness could not tell when, if ever, the Johnsons' loan was placed in the trust. See Russell v. Aurora Loan Servs., LLC, 163 So. 3d 639, 643 (Fla. 2d DCA 2015); Focht, 124 So. 3d at 311 ("[T]he record does not reflect that, at the time the trust was created, [the borrower's] mortgage loan was an asset of the trust."); Schmidt v. Deutsche Bank, 170 So. 3d 938, 942 (Fla. 5th DCA 2015) ("[T]here was insufficient testimony and evidence that the note and mortgage in this case were actually included as part of the Mortgage Loan Purchase Agreement."). Although the Bank insists that the two screen printouts prove that it has standing, that argument fails because the printouts are dated after the complaint was filed and they make no reference to the specific note. See Focht, 124 So. 3d at 310 n.1 ("Case law focuses on standing to enforce the note, as opposed to the mortgage, because the mortgage generally passes as an incident to the debt." (citing

Cutler v. U.S. Bank Nat'l Ass'n, 109 So. 3d 224, 225 (Fla. 2d DCA 2012))). Accordingly, the Bank failed to present sufficient evidence of standing, and the trial court erred in denying the Johnsons' motion for involuntary dismissal.

We also reject the Bank's argument that the proper remedy for its failure to prove standing is to remand for further proceedings in the case. Because the Bank failed to present sufficient evidence of standing, remand for involuntary dismissal of the complaint is appropriate. See, e.g., Dickson v. Roseville Props., LLC, 198 So. 3d 48, 52 (Fla. 2d DCA 2015); Creadon v. U.S. Bank N.A., 166 So. 3d 952, 954 (Fla. 2d DCA 2015); Russell, 163 So. 3d at 643; Correa v. U.S. Bank N.A., 118 So. 3d 952, 957 (Fla. 2d DCA 2013).

Reversed and remanded for involuntary dismissal.

SILBERMAN and KELLY, JJ., Concur.