# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0150
Lower Tribunal No. 21-30463 CC
_____

**Henry Tien,**
Appellant,

vs.

**Antonia F. Abad,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Jacqueline Woodward, Judge.

Henry Tien, in proper person.

Cole, Scott & Kissane, P.A., and Scott A. Cole and Francesca M. Stein, for appellee.

Before EMAS, SCALES and LINDSEY, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Kumar Corp. v. Nopal Lines, Ltd.</u>, 462 So. 2d 1178, 1183 (Fla. 3d DCA 1985) (observing that the "real party in interest" is "the person in whom rests, by substantive law, the claim sought to be enforced") (quoting Author's Comment to Fla. R. Civ. P. 1.210); Fla. R. Civ. P. 1.210(a)) (providing in pertinent part: "Every action may be prosecuted in the name of the real party in interest, but a personal representative, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff."); <u>LaFrance v. U.S. Bank Nat. Ass'n</u>, 141 So. 3d 754, 756 (Fla. 4th DCA 2014) ("A 'plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed' and cannot be established 'retroactively by acquiring standing to file a lawsuit after the fact.'") (quoting <u>McLean v. JP Morgan Chase Bank Nat'l Ass'n</u>, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)); <u>Dickson v. Roseville Props., LLC</u>, 198 So. 3d 48, 50-51 (Fla. 2d DCA 2015) ("For better or for worse, it is settled that it is not enough for the plaintiff to

2

prove that it has standing when the case it tried; it must also prove that it had standing when the complaint was filed.")