IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WELLS FARGO BANK, N.A.,
AS TRUSTEE, ON BEHALF OF
THE HOLDERS OF THE
HARBORVIEW MORTGAGE
LOAN TRUST MORTGAGE
LOAN PASS-THROUGH
CERTIFICATES, SERIES 2006-
12,

       Appellant,

v.

JAMES OUSLEY A/K/A JAMES
E. OUSLEY, JR., ET AL.,

       Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2100

_____/

Opinion filed June 15, 2016.

An appeal from the Circuit Court for Clay County.
Frederic A. Buttner, Judge.

Christine Irwin Parrish and Gennifer L. Bridges of Burr & Forman, LLP, for
Appellant.

Jason J. Ricardo of Ricardo & Wayslik, PL, for Appellee.

PER CURIAM.

In this foreclosure action, Wells Fargo Bank challenges the entry of an involuntary dismissal based on its failure to prove standing. Because the bank provided sufficient evidence to establish standing, we reverse.

Attached to Wells Fargo's foreclosure complaint was a copy of the note and an allonge containing three endorsements: the first two were special endorsements to non-parties, and the third was a blank endorsement. At trial, Wells Fargo introduced the original note and an assignment of mortgage. A bank witness testified that the original note entered into evidence at trial was identical to the copy attached to the complaint. When Wells Fargo attempted to introduce a certified copy of the mortgage into evidence, the trial court excluded it as hearsay and lacking a foundation. Appellee James Ousley moved for involuntary dismissal, arguing that Wells Fargo failed to show standing at the inception of the suit because the only document demonstrating ownership of the note was the assignment of mortgage, which indicated assignment in August 2013—well after the filing of the February 2010 complaint. The trial court granted the involuntary dismissal, relying on May v. PHH Mortgage Corp., 150 So. 3d 247 (Fla. 2d DCA 2014) (finding no standing where bank could not prove it possessed the note, endorsed in blank, at the time it filed the complaint).

Our review of the sufficiency of a plaintiff's evidence to prove standing to foreclose a mortgage is de novo. Ham v. Nationstar Mortg., LLC, 164 So. 3d 714, 717 (Fla. 1st DCA 2015). A plaintiff has standing if it is the holder of the instrument. § 673.3011, Fla. Stat. (2010). The holder of a note with a blank endorsement is only required to show possession of the note at the time the complaint was filed; the mortgage is merely incident to the debt. U.S. Bank Nat'l Ass'n v. Knight, 90 So. 3d 824, 826 (Fla. 4th DCA 2012); Deutsche Bank Nat'l Trust Co. v. Lippi, 78 So. 3d 81, 85 (Fla. 5th DCA 2012) ("Since the lien follows the debt, Florida does not require a plaintiff to attach a written or recorded assignment of the mortgage in order to pursue a foreclosure action.").

In Clay County Land Trust v. JP Morgan Chase Bank, N.A., 152 So. 3d 83 (Fla. 1st DCA 2014), this Court held that a copy of a note with an undated allonge containing a blank endorsement was sufficient to establish standing as a matter of law, even though the bank did not have formal assignment of the mortgage at the time of filing the complaint. This holding has found support in the Fourth District as well. In Ortiz v. PNC Bank, National Association, 41 Fla. L. Weekly D799b (Fla. 4th DCA March 30, 2016), the Fourth District—citing to Clay County—held:

> We recognize the fact that a copy of a note is [sic] attached to a complaint does not conclusively or necessarily prove that the Bank had actual possession of the note at the time the complaint was filed. However, if the Bank later files with the court the original note in the same condition as the copy attached to the complaint, then we agree that the combination of such evidence is sufficient to establish that the

3

> Bank had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action, absent any testimony or evidence to the contrary.

In this case, Appellant specifically addressed the concerns that <u>Ortiz</u> articulated by filing the original note in the same condition as the copy attached to the complaint into evidence at trial, providing testimony as to the same.

The trial court relied on <u>May v. PHH Mortgage Corp.</u>, 150 So. 3d 247 (Fla. 2d DCA 2014), to find Appellant lacked standing, but <u>May</u> is too dissimilar to apply to this case. In <u>May</u>, the bank attached a copy of a note and mortgage, but both had the name of the first mortgagor and did not have a blank endorsement or anything signifying a legal transfer to the bank. In this case, as in <u>Clay County</u>, the copy of the note attached to the complaint contained an allonge with a blank endorsement. A copy of a note with a blank endorsement attached to the complaint, with the original filed at trial, is enough to establish standing for the party that filed the complaint. Therefore, in line with <u>Clay County</u> and <u>Ortiz</u>, the involuntary dismissal for lack of standing was error.

We also find error in the exclusion of the publicly recorded mortgage as hearsay and without a foundation. A certified copy of a publicly recorded document is self-authenticating; thus, the objection to lack of foundation is without merit. § 90.902(4), Fla. Stat. (2015); <u>see also</u> <u>Vaughan v. Broward Gen. Med. Ctr.</u>, 105 So. 3d 569, 573 (Fla. 1st DCA 2012) (recognizing that a sufficient foundation to

4

establish authenticity must be made before documents are admitted into evidence unless the documents are self-authenticating). Further, the mortgage should not have been excluded on hearsay grounds because it was a certified copy of a public record and a record of a document purporting to establish or affect an interest in property. See §§ 90.803(8) & (14), Fla. Stat. (2015); see also Sproule v. State, 927 So. 2d 46, 48 (Fla. 4th DCA 2006) (holding that a certified copy of a driving record falls under the public record exception); Ham v. Heintzelman's Ford, Inc., 256 So. 2d 264, 269 (Fla. 4th DCA 1971) (noting that a certified copy of a certificate of title would be admissible under the public records exception). Both objections should have been overruled, but an error in an evidentiary ruling does not necessarily constitute harmful error. Rather, the test for harmful error is whether a different result may have been reached without the error. Katos v. Cushing, 601 So. 2d 612, 613 (Fla. 3d DCA 1992). Given that a mortgage is a crucial part of a foreclosure proceeding, we conclude that its exclusion was not harmless error.

REVERSED and REMANDED.

ROBERTS, C.J., MAKAR and OSTERHAUS, JJ., CONCUR.