IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILMINGTON SAVINGS FUND SOCIETY,
FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE FOR THE
PRIMESTAR-H FUND I TRUST,

     Appellant,

 v.                                                                                          Case No.  5D15-3830

ROSENA LOUISSAINT,

     Appellee.

_____/

Opinion filed February 17, 2017

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Ezra Scrivanich, of Scrivanich/Hayes,
Plantation, for Appellant.

Andres H. Lopez, of The Andres Lopez
Law Firm, P.A., Coral Springs, for
Appellee.


WALLIS, J.,

     Appellant, Wilmington Savings Fund Society, FSB, not in its individual capacity but

solely as trustee for the Primestar-H Fund I Trust ("Bank"), appeals the trial court's final

judgment dismissing its foreclosure action against appellee, Rosena Louissaint. Because

the trial court erred by finding that Bank lacked standing to foreclose, we reverse and remand for entry of final judgment of foreclosure.

In April 2007, Louissaint executed and delivered a mortgage and note in favor of SunTrust Mortgage, Inc. ("SunTrust"), with MERS acting as nominee. The following series of assignments subsequently occurred: from MERS to SunTrust; from SunTrust to Nationstar Mortgage, LLC; from Nationstar Mortgage, LLC, back to SunTrust; and from SunTrust to Bank. This final assignment from SunTrust to Bank, dated February 8, 2013, assigned only the mortgage, not the accompanying note.

In January 2014, Bank filed a complaint against Louissaint, asserting foreclosure and reestablishment of a lost note. Bank attached a lost-note affidavit, prepared by a representative of its servicer, which included a copy of the unindorsed note and a copy bearing an undated blank indorsement from SunTrust. In her answer, Louissaint argued, *inter alia*, that Bank lacked standing to enforce the note and mortgage because it "never had possession of the Note and did not have possession when it filed this action," "[Bank] does not own the Note," and "[t]he Assignments of Mortgage do not confer any rights to [Bank]." In September 2015, upon locating the original note, Bank dropped its lost-note count.[1] The original note, like the copy attached to the complaint, bore a blank indorsement from SunTrust.

At a non-jury trial, the parties stipulated to admission of the original note and mortgage, and certified copies of the assignments. A senior litigation associate for the

---

[1] After a previous, since-dismissed foreclosure action against Louissaint by SunTrust, the trial court retained the original note, which it later released in March 2013 to SunTrust. SunTrust's counsel subsequently delivered the original note and mortgage to Statebridge on September 14, 2015.

loan servicer testified that a December 21, 2012 purchase agreement showed that SunTrust purchased the loan from NNPL, Trust Series 2012-1. Further, the March 27, 2013 assignment assumption and recognition agreement showed that NNPL, Trust Series 2012-1, then assigned the pool of loans for this sale to Bank. Bank then rested, after which Louissaint moved for dismissal, maintaining that Bank lacked standing because it did not possess the note at the time of filing. After argument from both parties, the trial court reserved ruling on the motion.

The trial court ultimately entered final judgment in Louissaint's favor, denying foreclosure and dismissing the case. The judgment contained only two findings: "[Bank] did not have possession of the Note when the case was filed," and "[t]he Assignment of Mortgage does not confer the Plaintiff with standing to foreclose because it does not assign the Note. As a result, the plaintiff did not have standing to prosecute this case at its inception."

"The trial court's granting of a motion for involuntary dismissal is reviewed de novo." Bank of N.Y. v. Calloway, 157 So. 3d 1064, 1069 (Fla. 4th DCA), review denied, 177 So. 3d 1263 (Fla. 2015). When reviewing the grant of an involuntary dismissal, we "view the evidence and all inferences of fact in a light most favorable to the nonmoving party," and affirm "only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party." Deutsche Bank Nat'l Tr. Co. v. Clarke, 87 So. 3d 58, 60 (Fla. 4th DCA 2012).

A party seeking foreclosure must prove, by competent, substantial evidence, that it has standing to foreclose at the time of filing the lawsuit. Schmidt v. Deutsche Bank, 170 So. 3d 938, 940-41 (Fla. 5th DCA 2015). "[A] person entitled to enforce the note and

3

foreclose on a mortgage is the holder of the note, a non-holder in possession of the note who has the rights of a holder, or a person not in possession of the note who is entitled to enforce under section 673.3091, Florida Statutes." Gorel v. Bank of N.Y. Mellon, 165 So. 3d 44, 46 (Fla. 5th DCA 2015) (citing § 673.3011, Fla. Stat. (2013)). "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." § 673.2051(2), Fla. Stat. (2015). "[U]nder the Uniform Commercial Code, a plaintiff is not required to be both the owner and holder of the note in order to have standing to foreclose." Tilus v. AS Michai, LLC, 161 So. 3d 1284, 1285-86 (Fla. 4th DCA 2015) (citing Wells Fargo Bank, N.A. v. Morcom, 125 So. 3d 320, 322 (Fla. 5th DCA 2013)).

Here, the trial court improperly relied on Bank's lack of actual possession of the note at the time of filing, disregarding Bank's statutorily-permitted lost-note count as an exception to actual possession. See Snyder v. JP Morgan Chase Bank, Nat'l Ass'n, 169 So. 3d 1270, 1273 (Fla. 4th DCA 2015) ("[N]othing in the statute allows an 'owner' to enforce the note without possession, except where the instrument is lost or destroyed." (citing § 673.3091, Fla. Stat. (2009)). The Fourth District Court previously addressed the prevalence of lost-note actions:

> In the present case, as is common in recent foreclosure cases, Chase did not attach a copy of the original note to its complaint, but instead brought a count to re-establish a lost note. Later, however, Chase filed with the circuit court the original promissory note, which bore a special endorsement in favor of Chase. Because Chase presented to the trial court the original promissory note, which contained a special endorsement in its favor, it obtained standing to foreclose, at least at some point.

4

<u>McLean</u>, 79 So. 3d at 174. In the case at issue, Bank followed its action to reestablish the lost note by filing the original note, once found. Thus, Bank established its standing "at some point." <u>See</u> <u>id.</u> Bank further buttressed its standing by introducing evidence of assignments,[2] as well as the mortgage loan purchase agreement and the assignment assumption and recognition agreement, both of which specifically referred to Louissaint's loan—showing its path to Bank—and predated the filing of the complaint. Thus, Bank sufficiently established that it had standing to enforce the lost note at the time of filing of the complaint. <u>Cf.</u> <u>id.</u>; <u>Schmidt</u>, 170 So. 3d at 942 (reversing a foreclosure judgment where there existed no evidence of intent to transfer any interest in the note to the bank as trustee and "there was insufficient testimony and evidence that the note and mortgage in this case were actually included as part of the Mortgage Loan Purchase Agreement").

The mere combination of the copy of the note with the complaint and the later-filed original sufficed to establish Bank's standing to foreclose. <u>Wells Fargo Bank, N.A. v. Ousley</u>, 41 Fla. L. Weekly D1409, D1410 (Fla. 1st DCA June 15, 2016) ("A copy of a note with a blank endorsement attached to the complaint, with the original filed at trial, is enough to establish standing for the party that filed the complaint."). Thus, the trial court erroneously dismissed Bank's case for lack of standing. <u>See</u> <u>id.</u> (citing <u>Ortiz v. PNC Bank, Nat'l Ass'n</u>, 188 So. 3d 923 (Fla. 4th DCA 2016); <u>Clay Cty. Land Tr. v. JPMorgan Chase Bank, N.A.</u>, 152 So. 3d 83 (Fla. 1st DCA 2014)). We reverse the order dismissing the

---

[2] In its order, the trial court correctly asserted that "an assignment of the mortgage without an assignment of the debt creates no right in the assignee." <u>Bristol v. Wells Fargo Bank, Nat'l Ass'n</u>, 137 So. 3d 1130, 1133 (Fla. 4th DCA 2014) (quoting <u>Vance v. Fields</u>, 172 So. 2d 613, 614 (Fla. 1st DCA 1965)). However, unlike the bank in <u>Bristol</u>, Bank relies on more than just the assignment of the mortgage to establish its standing. <u>Cf.</u> <u>id.</u>

action and remand with instructions to foreclose the mortgage in question. <u>See</u> <u>Mortg.</u> <u>Elec. Registration Sys., Inc. v. Revoredo</u>, 955 So. 2d 33, 34 (Fla. 3d DCA 2007).

REVERSED and REMANDED with Instructions.

TORPY, J., and JACOBUS, B.W., Senior Judge, concur.