IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARY T. WISMAN,

        Appellant,

 v.

        Case No.  5D16-3236

NATIONSTAR MORTGAGE, LLC
AND SPRUCE CREEK GOLF &
COUNTRY CLUB HOMEOWNERS
ASSOCIATION, INC.,

        Appellees.

_____/

Opinion filed October 20, 2017

Appeal from the Circuit Court
for Marion County,
Steven G. Rogers, Judge.

C. Michael Duncan, of Duncan Law Offices,
P.A., Tavares, for Appellant.

Nancy M. Wallace and Ryan D. O'Connor,
of Akerman LLP, Tallahassee,  and William
P. Heller, Fort Lauderdale, of Akerman LLP,
Fort Lauderdale, for Appellee, Nationstar
Mortgage, LLC.

No Appearance for Spruce Creek Golf &
Country Club Homeowners Association,
Inc.


ORFINGER, J.

Mary T. Wisman appeals the trial court's final judgment of foreclosure entered in favor of Nationstar Mortgage, LLC. Because Nationstar failed to present competent, substantial evidence that it had standing to foreclose at the inception of the case, we reverse.

In December 2014, Nationstar filed a complaint against Ms. Wisman for mortgage foreclosure and to reestablish a lost note. Nationstar alleged that it had standing as "an entity not in possession of the Note which is entitled to enforce the Note pursuant to F.S. 673.3091." Nationstar attached to the complaint copies of the note, mortgage, and a lost note affidavit from a Nationstar employee ("Nationstar LNA"). The note, which identified Del Webb Mortgage Company as the lender, was certified as a "true and correct copy of the original" by Countrywide Home Loans, Inc. ("CHL Inc.") and contained an undated blank indorsement executed not by Del Webb but by CHL Inc. The mortgage similarly identified Del Webb as the lender and named MERS as Del Webb's nominee. The Nationstar LNA asserted that Federal Home Loan Mortgage Corporation ("FHLMC") had owned the note since December 27, 2001, having acquired it from the original lender, Del Webb. In making this assertion, the Nationstar LNA relied solely on an inter-office email exchange between the Nationstar LNA affiant, who provided a FHLMC loan number and stated that she was "unable to locate the ownership date on this file," and another Nationstar employee who responded with a "funding date" of "12/27/2001" along with an "S/S Loan" number. The Nationstar LNA further attested that BAC Home Loans Servicing, LP ("BAC") f/k/a Countrywide Home Loans Servicing, LP ("CHL Servicing, LP"), Bank of America, and Nationstar have serviced the loan on behalf of FHLMC.

To show when the loss of possession occurred, the Nationstar LNA attached a lost note affidavit from "the prior holder of the promissory note . . . in possession of the note when the loss of possession occurred." That lost note affidavit, dated February 25, 2002, was executed on behalf of CHL Inc. ("CHL Inc. LNA"), and attested that as of that date, the note was lost and that CHL Inc. had not previously hypothecated, transferred, sold, pledged or assigned the note. The CHL Inc. LNA did not provide any details regarding the date or circumstances of the asserted loss of the note but indicated that CHL Inc. purchased or was assigned the note from Del Webb on or about December 5, 2001. In her answer, Ms. Wisman asserted Nationstar's lack of standing as an affirmative defense.

The case proceeded to a nonjury trial. At trial, Nationstar introduced, among other things, a copy of the note, a copy of the mortgage, and a group of documents that showed that in 2001, CHL Servicing, LP was established as a "domestic entity other" and an affiliate of CHL Inc.; effective November 7, 2008, CHL Inc. transferred the servicing of certain unspecified mortgage loans to CHL Servicing, LP pursuant to an asset purchase agreement with Bank of America;[1] on April 27, 2009, CHL Servicing, LP was renamed BAC; and effective July 1, 2011, BAC merged into Bank of America. Nationstar also entered into evidence two assignments of mortgage, showing that on March 24, 2011, MERS assigned the mortgage and the note to BAC, and then on November 13, 2012, CHL Inc. assigned the mortgage and the note to Nationstar.

According to the Nationstar witnesses' testimony, FHLMC is the owner of the loan and the note was lost in CHL Servicing, LP's possession, which, at the time it was lost, was the entity entitled to enforce it. At the close of the evidence, Ms. Wisman moved for

---

[1] The agreement was not admitted into evidence.

3

an involuntary dismissal based on Nationstar's failure to prove standing. The trial court denied the motion and entered a final judgment of foreclosure in favor of Nationstar.

A party seeking foreclosure must prove by competent, substantial evidence that it has standing to foreclose at the time of filing the lawsuit. Wilmington Sav. Fund Soc'y, FSB, v. Louissaint, 212 So. 3d 473, 475 (Fla. 5th DCA 2017); Schmidt v. Deutsche Bank, 170 So. 3d 938, 940-41 (Fla. 5th DCA 2015). A person entitled to enforce the note and foreclose on a mortgage includes a person not in possession of the note who is entitled to enforce under section 673.3091, Florida Statutes. Gorel v. Bank of N.Y. Mellon, 165 So. 3d 44, 46 (Fla. 5th DCA 2015) (citing § 673.3011, Fla. Stat. (2013)).

Under Florida law, a lost instrument can be enforced if the person seeking to enforce the instrument was entitled to enforce it when the loss occurred or acquired ownership of it from someone entitled to enforce it when the loss occurred, the loss was not the result of a transfer or seizure, and the instrument cannot reasonably be obtained. § 673.3091(1), Fla. Stat. (2016). The person seeking to enforce the instrument must prove the terms of the instrument and the right to enforce it, and then it is as if the person has produced the instrument. Id. § 673.3091(2). The person may do so either through a lost note affidavit or by testimony from a person with knowledge. Home Outlet, LLC v. U.S. Bank Nat'l Ass'n, 194 So. 3d 1075, 1078 (Fla. 5th DCA 2016).

"A trial court's decision as to whether a party has satisfied the standing requirement is reviewed de novo." Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91, 116 (Fla. 2011); see Figueroa v. Fed. Nat'l Mortg. Ass'n, 180 So. 3d 1110, 1115 (Fla. 5th DCA 2015). Here, the trial court erred in finding that Nationstar had standing to foreclose as a person not in possession of the note who is entitled to enforce under section 673.3091.

4

Nationstar attempted to prove through the Nationstar LNA and its witnesses' testimony and evidence that FHLMC was the owner of the loan and had the right to enforce the instrument at the time that the note was lost because the note was sold by Del Webb to FHLMC and physical possession of the note was transferred to FHLMC's loan servicer, Bank of America (or its predecessor BAC f/k/a CHL Servicing, LP) and then to Nationstar before the foreclosure action was filed. However, its evidence does not support this claim.

To prove standing, Nationstar submitted a copy of the note with a blank indorsement from CHL Inc., not Del Webb, FHLMC, or CHL Servicing, LP. The mortgage further shows that on December 5, 2001, the original mortgagee, Del Webb, designated MERS as its nominee, and on March 9, 2011, MERS assigned the mortgage and note to **BAC**, which was formally known as CHL Servicing, LP, an affiliate of CHL Inc.[2] On July 1, 2011, BAC merged with Bank of America. However, neither BAC nor by merger, Bank of America, assigned the mortgage and the note to FHLMC or Nationstar. Instead, on November 13, 2012, a different entity, **CHL Inc.,** assigned the mortgage and the note to Nationstar. While Nationstar claims that CHL Inc., CHL Servicing, LP and BAC are the same entity, its own evidence demonstrates otherwise. Nationstar introduced several documents that showed that CHL Servicing, LP was an affiliate or "domestic entity other" of CHL Inc.; CHL Servicing, LP was later renamed BAC; and that only BAC, and not any other CHL-related entity, merged with Bank of America in 2011. By the 2012 assignment, the evidence fails to show that CHL Inc. was affiliated with either CHL Servicing, LP or BAC.

---

[2] It is unclear what an affiliate is or what legal right such a status would confer.

Further, Nationstar has not proven that FHLMC was the owner of the note entitled to enforce the note at the time of loss of possession. Nationstar relies on the November 6, 2014, inter-office email that shows a "12/27/01 funding date," a FHLMC loan number, and an "S/S loan number" as its only proof that FHLMC owns the note. However, this document does not prove standing, as it does not directly reference the specific note.[3] Cf. Johnson v. U.S. Bank Nat'l Ass'n, 222 So. 3d 635 (Fla. 2d DCA 2017) (holding that evidence was insufficient to show that mortgagee was holder of note, and thus, lacked standing to foreclose because copy of note contained no endorsements and screen printouts from mortgagee's servicer made no reference to specific note at issue). There is simply no showing that FHLMC is the owner of the note, and was entitled to enforce the note when it was lost.

We conclude that Nationstar failed to present sufficient evidence of standing. See Lacombe v. Deutsche Bank Nat'l Tr. Co., 149 So. 3d 152, 156 (Fla. 1st DCA 2014) ("Absent evidence of the plaintiff's standing, the final judgment must be reversed."). Therefore, we reverse the final judgment and direct the trial court to grant Ms. Wisman's motion for involuntary dismissal.

REVERSED AND REMANDED for further proceedings.

TORPY and BERGER, JJ., concur.

---

[3] For instance, the inter-office email references an FHLMC loan number but that number is not found on the note. In fact, the loan or account number found on the note is the same loan number found on the CHL Inc. LNA, which states that CHL Inc. purchased the note from the original lender, Del Webb. The S/S loan number is the Nationstar loan number that is found on all of its documents.