IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GREEN TREE SERVICING, LLC
N/K/A DITECH FINANCIAL, LLC,

      Appellant,

 v.                                     Case No.  5D17-226

DAVID G. ATCHISON, HARBOUR/PONCE
HOLDINGS, LLC, DEBBIE KAY HUDSON,
LINKS SOUTH AT HARBOUR VILLAGE
CONDOMINIUM ASSOCIATION, INC.,
ET AL.,

      Appellees.
_____/

Opinion filed December 8, 2017

Appeal from the Circuit Court
for Volusia County,
Dennis Craig, Judge.

Preston Davis, of Padgett Law Group,
Tallahassee, for Appellant.

Daniel J. Webster, of Daniel J. Webster,
P.A., Daytona Beach, for Appellees,
Harbour/Ponce Holdings, LLC, Palm View
of Ponce Inlet, LLC, The Links South at
Harbour Village Condominium Association,
Inc. and Harbour Village Golf & Yacht Club
Community Services Association, Inc.

No Appearance for other Appellees.

PER CURIAM.

      Appellant challenges the final judgment dismissing its mortgage foreclosure action

with prejudice after trial.  Appellant argues that two erroneous evidentiary rulings made

by the trial court excluding certain evidence at trial requires that we reverse the final judgment and remand for a new trial. Because we conclude that any error committed by the trial court did not constitute harmful error, we affirm.

Appellant did not file the initial mortgage foreclosure complaint. Almost six years after the original complaint was filed, Appellant was granted leave by the trial court to be substituted as the party plaintiff and to file a two-count amended complaint to foreclose on the subject mortgage and to re-establish the lost promissory note. The case proceeded to trial on Appellant's amended complaint. Because Appellees raised a defense of lack of standing, Appellant had the burden at trial to establish that it had standing to foreclose at the time of trial and that the original plaintiff had standing at the time the foreclosure complaint was filed. *See Russell v. Aurora Loan Servs., LLC*, 163 So. 3d 639, 642 (Fla. 2d DCA 2015) (quoting *Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 352 (Fla. 1st DCA 2014)).

In an effort to establish the standing of the original plaintiff, Appellant attempted to admit into evidence an assignment of the mortgage from the lender to the initial plaintiff. The trial court excluded this evidence, concluding that it was not trustworthy and was inadmissible under the business records exception to the hearsay rule codified at section 90.803(6), Florida Statutes (2016). In its first argument on appeal, Appellant contends that the trial court erred in ruling that the assignment of mortgage was inadmissible under section 90.803(6) because the mortgage assignment was separately admissible as a verbal act.[1] *See Holt v. Calchas, LLC*, 155 So. 3d 499, 502 n.2 (Fla. 4th DCA 2015)

---

[1] A verbal act is an utterance of an operative fact that gives rise to legal consequences. Verbal acts, also known as statements of legal consequence, are not hearsay, because

(concluding that an assignment of mortgage is admissible into evidence as a verbal act irrespective of the business record exception to the hearsay rule); *Deutsche Bank Nat'l Tr. Co. v. Alaqua Prop.*, 190 So. 3d 662, 665 (Fla. 5th DCA 2016) (holding that a promissory note does not have to qualify as a business record under the business record exception to the hearsay rule and is admissible for its independent legal significance—to establish the existence of the contractual relationship and the rights and obligations of the parties to the note, regardless of the truth of any assertions made in the document).  We agree with Appellant that the trial court erred in failing to admit into evidence the assignment of mortgage as that would have assisted Appellant in establishing standing at the inception of the suit.  However, Appellant was still required to establish standing at the time of trial.

Appellant's other argument for reversal is that the trial court erred in precluding Appellant's witness from testifying about Appellant's general policies and procedures concerning lost instruments.  Notably, Appellant does not contend that at some point, it had possession of the original note and then lost it.  Rather, the note was ostensibly lost by a predecessor holder.  Having reviewed the witness's testimony, as well as his proffered testimony, we find that the testimony, if admitted into evidence, would not have been sufficient to re-establish the lost note.  Accordingly, even if the trial court erred in its two challenged rulings, "an error in an evidentiary ruling does not necessarily constitute

---

> the statement is admitted merely to show that it was actually made, not to prove the truth of what was asserted in it.

*Arguelles v. State*, 842 So. 2d 939, 943 (Fla. 4th DCA 2003) (quoting *Banks v. State*, 790 So. 2d 1094, 1097–98 (Fla. 2001)).

harmful error." *Wells Fargo Bank, N.A. v. Ousley*, 212 So. 3d 1056, 1058 (Fla. 1st DCA 2016). Appellant has not shown harmful error. The final judgment is therefore affirmed.

AFFIRMED.

COHEN, C.J., PALMER and LAMBERT, JJ., concur.