# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

———————————————

Case No. 5D2023-2177
LT Case No. 2020-CA-000661

———————————————

TRSTE, LLC AS TRUSTEE OF THE
SEMINOLE COUNTY SUMMIT
RIDGE 404 106 LAND TRUST,

    Appellant,

    v.

U.S. BANK, NATIONAL
ASSOCIATION, NOT IN ITS
OFFICIAL CAPACITY BUT SOLELY
AS TRUSTEE FOR RMAC TRUST,
SERIES 2018-CTT, et al.,

    Appellees.

———————————————

On appeal from the Circuit Court for Seminole County.
Christopher M. Sprysenski, Judge.

John M. Iriye, of John M. Iriye P.A., Winter Springs, for
Appellant.

Adam Diaz, Roy A. Diaz, Kathleen Achille, and J. Leonard Fleet,
of Diaz Anselmo & Associates P.A., Fort Lauderdale, for
Appellees.

April 25, 2025

PRATT, J.

Trste, LLC ("Appellant") appeals the final summary judgment allowing U.S. Bank ("Bank") to foreclose on property secured by a 2008 mortgage and promissory note. Appellant argues that genuine issues of material fact exist as to whether Bank has standing to enforce the lost promissory note. We reverse the entry of summary judgment and remand for further proceedings.

**I.**

In January 2008, Michael and Sharon Stein executed a mortgage on their home as security for a loan from First Horizon Home Loans ("First Horizon"). At the same time, Michael Stein executed a promissory note in which he promised to pay back First Horizon for the loan. The Steins defaulted on the note by missing a payment in April 2012. Bank initiated foreclosure proceedings and sought to reestablish a lost note pursuant to section 673.3091, Florida Statutes (2020). Bank amended its complaint to add Appellant as a defendant after discovering that Appellant purchased the property in January 2020.

In 2023, Bank moved for summary judgment and filed various documents in support of its motion. Of all the documents, two are pertinent to this appeal: an affidavit completed by the Director of Loss Mitigation at Federal Home Loan Mortgage Corporation ("Freddie Mac") and an affidavit completed by Anthony Younger, an assistant secretary of Rushmore Loan Management Services, LLC ("Rushmore"). Freddie Mac's Director of Loss Mitigation stated that Freddie Mac acquired the note on February 22, 2008, and sold it in April 2016. He based this claim on a review of Freddie Mac's ownership records, which he included in part by attaching to his affidavit screenshots of internal ownership records. The screenshots convey information related to the Steins' property, including a seller number representing First Horizon, a "note date" of January 23, 2008, and a "funding date" of February 22, 2008.

Younger, in his affidavit, stated that Bank acquired ownership of the note in April 2016. To support this claim, Younger referenced an attached mortgage loan purchase and sale agreement between Freddie Mac and Rushmore. Through the purchase and sale agreement, Freddie Mac sold multiple mortgage

2

loans to Rushmore. In an attached mortgage loan schedule, Freddie Mac listed the sold mortgages and identified them by the encumbered properties' addresses. The loan schedule does not list the Steins' property. Rushmore then transferred the Freddie Mac mortgages to Bank, specifically listing the Steins' property in its mortgage loan schedule.

Appellant opposed Bank's motion for summary judgment, arguing that Bank had failed to show the nonexistence of genuine issues of material fact regarding its right to enforce the lost note. The circuit court disagreed, holding that Bank had established its right to enforce the note. Accordingly, the court granted summary judgment in favor of Bank. This appeal followed.

## II.

"This Court reviews an order granting summary judgment de novo." *Gee v. U.S. Bank Nat'l Ass'n*, 72 So. 3d 211, 213 (Fla. 5th DCA 2011). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a).[*] The movant may support his motion with affidavits or declarations. Fla. R. Civ. P. 1.510(c)(1). A summary-judgment affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fla. R. Civ. P. 1.510(c)(4). In adjudicating the motion, "[t]he court views the evidence in a light most favorable to the non-moving party, and a genuine dispute occurs when the evidence would allow a reasonable jury to return a verdict for that party." *Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1278 (Fla. 5th DCA 2023).

---

[*] Bank moved for summary judgment on February 16, 2023. Therefore, the new summary-judgment standard governs. *See In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d 72, 77 (Fla. 2021) ("New rule 1.510 takes effect on May 1, 2021. This means that the new rule must govern the adjudication of any summary judgment motion decided on or after that date, including in pending cases.").

3

Only a holder of a promissory note has standing to foreclose on the note and its accompanying mortgage. *Gee*, 72 So. 3d at 213. As such, a "party seeking foreclosure must present evidence that it owns and holds the note and mortgage in question . . . ." *Id.* (quoting *Lizio v. McCullom*, 36 So. 3d 927, 929 (Fla. 4th DCA 2010)). The party must either introduce the original promissory note or seek to reestablish the lost note pursuant to section 673.3091, Florida Statutes. *Id.* Section 673.3091 allows a party to enforce a lost note if the party "was entitled to enforce it when the loss occurred or acquired ownership of it from someone entitled to enforce it when the loss occurred, the loss was not the result of a transfer or seizure, and the instrument cannot reasonably be obtained." *Wisman v. Nationstar Mortg., LLC*, 239 So. 3d 726, 728 (Fla. 5th DCA 2017).

To establish that the party acquired ownership from someone entitled to enforce the note when the loss occurred, the party must show "who had the right to enforce the note when it was lost and how the party seeking reestablishment obtained ownership." *Bank of N.Y. Mellon v. Kardok*, 367 So. 3d 512, 516 (Fla. 4th DCA 2023) (emphasis omitted) (quoting *Lewis v. US Bank Nat'l Ass'n*, 298 So. 3d 72, 76 (Fla. 4th DCA 2020)). An unbroken chain of assignments from the original mortgagee to the party seeking to reestablish the lost note proves the party's ownership. *See Wilmington Sav. Fund Soc'y v. Charm-B, Inc.*, 363 So. 3d 1119, 1122 (Fla. 2d DCA 2023) (holding that an unbroken chain of assignments satisfied the requirement that the party reestablishing the note obtain ownership from someone who had the right to enforce the note when it was lost); *Gee*, 72 So. 3d at 213–14 (holding that a bank failed to establish standing when it introduced no evidence showing how its assignor became a successor in interest to a previous holder).

## III.

Appellant argues that there remain genuine factual disputes material to two elements of Bank's lost note claim: first, whether Freddie Mac was entitled to enforce the note at the time of loss, and second, whether Bank obtained ownership of the note from Freddie Mac. We need only consider the second issue. Viewing the evidence in a light most favorable to Appellant, Bank failed to

show that it obtained ownership from Freddie Mac; therefore, Bank is not entitled to summary judgment.

Even though Rushmore's transfer of mortgages to Bank lists the Steins' mortgage, Bank presented no evidence of how Rushmore acquired it. The purchase agreement in which Freddie Mac purportedly transferred the Steins' mortgage to Rushmore does not identify the Steins' property in the attached mortgage loan schedule. The affidavit executed by Freddie Mac's Director of Loss Mitigation states that Freddie Mac sold the note in 2016, but it fails to specify the entity to which Freddie Mac sold the note. In addition, the screenshots attached to the affidavit do not reveal when or to what entity Freddie Mac sold the Steins' mortgage and note. Younger, in his affidavit, states that Bank acquired the mortgage in April 2016, but he does not identify the entity from which Bank acquired the mortgage. Younger instead references the purchase agreement between Freddie Mac and Rushmore to support this claim. However, that document does not show that Freddie Mac ever sold the Steins' mortgage and note.

In short, Bank's evidence does not establish that it obtained ownership of the note from Freddie Mac, and Bank therefore failed to carry its summary-judgment burden. Because at least one genuine issue of material fact remains, we reverse the entry of summary judgment and remand for further proceedings.

REVERSED and REMANDED for further proceedings.

MAKAR and JAY, JJ., concur.

––––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––––

5